Estate of Rachel Weaver, deceased.   Appeal of Aaron Paul.

! 182      349
29 SC    598

182    349
41SC 128

*Decedent's estate—Claims for services—Evidence.*

Claims for services against a decedent's estate, not made during the lifetime of the decedent, are looked upon by the courts with a great deal of suspicion, and in order to establish such a claim the evidence must be other than that of mere loose declarations, and must be such as to clearly and distinctly establish a contract, either express or implied, between the claimant and the decedent.

Argued May 31, 1897.   Appeal, No. 18, May T., 1897, by Aaron Paul, from decree of O. C. Dauphin Co., overruling ex-

ceptions to auditor's report.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to auditor's report.

Aaron Paul claimed the sum of $1,100 for boarding Rachel Weaver, attending to her business affairs, nursing her during sickness and calling for doctor whenever required by her, during eleven years; also for substantial improvements on her real estate amounting to $174; funeral expenses, etc., $100; doctor's bill, $5.00, and taxes, $7.36.

The auditor, Frank E. Zeigler, Esq., reported the facts to be as follows:

Rachel Weaver died Feb. 20, 1894, intestate.   For eleven years prior to the death of the decedent she lived with Aaron Paul, her nephew, and during that time performed the work ordinarily done around a farm by the women of the household. Aaron Paul made certain improvements upon the real estate of Rachel Weaver, which he was at that time farming; said improvements were made in the expectation that at the death of said Rachel Weaver this real estate would be devised and bequeathed to him.

Aaron Paul paid a portion of the expense incidental to the funeral dinner, but the amount claimed, to wit, $100, is exorbitant and excessive; in fact, one witness testified that the expense could not have been more than $10.00; the claimant would be fully paid with one half of that amount, and the auditor allows the sum of $50.00.

Receipts were offered in evidence, showing that Aaron Paul had paid a doctor's bill of $5.00 for Rachel Weaver, and taxes amounting to $7.36, and these two claims are allowed.

The auditor's conclusions of law were as follows:

The evidence clearly shows that Rachel Weaver first went to the house of Aaron Paul's father as housekeeper, and the presumption is that she continued to act in that capacity up until her last illness; in fact, up until she became bedfast two or three weeks prior to her death.   Paul undoubtedly expected that he would be the legatee of a large portion, if not all, of the estate of the decedent; and, in making these claims, he endeavors to realize his expectations.   The decisions of the

Pennsylvania courts are all against the claim presented by Paul for boarding Rachel Weaver and the claim for substantial improvements, etc., made to the real estate of decedent.

"A claim against a decedent's estate should be supported by stronger evidence than admissions to third persons : " Keyser's App., 23 W. N. C. 201; and, "such claims should be closely scrutinized; " Peter's App., 106 Pa. 340.

In Koedker's Estate, 47 Leg. Int. 505, the court held, that claims for services against a decedent's estate not presented as a legal demand until after the death of the alleged debtor, will have every intendment and presumption made against them.

"Claims against a dead man's estate which might have been made against himself, while living, are always subject to just suspicion: " Mueller's Estate, 159 Pa. 590; Carpenter v. Hays, 153 Pa. 432.

In Miller's Estate, 136 Pa. 239, it was held that, when one has rendered personal services to another, merely upon the expectation of a legacy promised, without a contract obligation, the promisee takes his chances of receiving the legacy, and if his expectations are disappointed he can recover nothing.

In accordance with the above decisions, and from the testimony produced, your auditor refuses to allow these claims for boarding and improvements respectively.

Exceptions to the auditor's report were dismissed, SIMON-TON, P. J., filing the following opinion:

The questions raised by these exceptions are practically questions of fact, and on an examination of the evidence reported by the auditor we see no reason for changing or modifying his conclusions, nor do we think that the matter requires any extended discussion on our part. As is shown by the cases quoted by the auditor, "claims for services against a decedent's estate not made during the lifetime of the decedent, are looked upon by the courts with a great deal of suspicion, and in order to establish such a claim the evidence must be other than that of mere loose declarations, and must be such as to clearly and distinctly establish a contract, either express or implied, between the claimant and the decedent." We do not think the evidence in this case comes up to this standard, and the report of the

auditor is therefore confirmed and distribution ordered to be made in accordance therewith.

*Error assigned* was in confirming the auditor's report.

*John E. Fox*, with him *John G. Gilbert*, for appellant.—In an appeal from the final decree of the orphans' court, the Supreme Court may examine the entire proceedings in the case : Hallowell's App., 20 Pa. 215 ; Finney's App., 37 Pa. 323.

The evidence is stronger than that in Thompson v. Stevens, 71 Pa. 161 and in Kauss v. Rohner, 172 Pa. 483, in which cases the evidence was held sufficient to sustain the claim.

If by any chance the Court is of opinion that an express contract was not clearly shown by the evidence, we submit it was clearly shown that the relation of employer and servant existed between Rachael Weaver and the plaintiff : Steel v. Steel, 12 Pa. 64.

*J. I. Chamberlin* and *Meade D. Detweiler*, for appellee.—The finding of the auditor approved by the court is entitled to the same respect as the verdict of a jury, and it will not be set aside by this court unless it is clearly against the evidence : McConnell's App., 97 Pa. 31 ; Hughes' Est., 176 Pa. 387.

A disappointed claim for a legacy cannot be compensated by setting up an unfounded claim for alleged services without lawful testimony to support it : Miller's Est., 136 Pa. 239 ; Graham v. Graham, 34 Pa. 480.

PER CURIAM, July 15, 1897 :

We quite agree with what was said by the learned president of the orphans' court in overruling appellant's exceptions and confirming the auditor's report.   We find nothing in the record that would justify a reversal or modification of the decree ; nor is there anything in either of the questions presented by the specifications of error that requires discussion.   For reasons given in the opinion of the court below the decree is affirmed and appeal dismissed at appellant's costs.