## Carothers's Estate.

*Decedents' estates—Claim for services—Evidence.*

A claim for $600 allowed by the court below for services at the rate of $100 per year will be reduced by the appellate court to $60.00, where there is some evidence that the decedent agreed to pay for services, but not a salary, and the evidence shows that the only services rendered by the claimant was that once in each of the six years he went to the county seat to pay the decedent's taxes; that on two occasions he made the same journey to deliver to her counsel a promissory note which she held; that on three occasions he met at the decedent's house another neighbor and calculated the interest on a note which the decedent held against the latter, and drew a new note for the amount of the obligation; and that on another occasion he collected the sum of $50.00 on account of another note held by the decedent.

Argued May 11, 1909. Appeal, No. 50, April T., 1909, by Nellie McCarrell, from decree of O. C. Beaver Co., Dec. T., 1907, No. 13, sustaining exceptions to auditor's report in Estate of Mary A. Carothers, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to report of M. J. Patterson, Esq., auditor. Before HOLT, P. J.

The opinion of the Superior Court states the facts.

*Errors assigned* were in sustaining exceptions to auditor's report allowing a claim of D. J. Stephens.

*J. L. Ritchey*, with him *J. Frank Reed*, for appellant, cited: Graham v. Graham, 34 Pa. 475; Carpenter v. Hays, 153 Pa. 432; Keyser's App., 23 W. N. C. 201; Peters's App., 106 Pa. 340; Hughes' Est., 176 Pa. 387; Keith's Est., 5 Pa. C. C. Rep. 581; Burk's Est., 15 Pa. Dist. Rep. 206; Conaughton's Est., 12 Pa. C. C. Rep. 590.

*D. S. Morrison*, of *Hice, Morrison, Reader & May*, for appellee, cited: Sachse's Est., 16 Phila. 412; Ranninger's App., 118 Pa. 20; Harrington v. Hickman, 148 Pa. 401; Sourwine v. Claypool, 138 Pa. 126; Gordner v. Heffley, 49 Pa. 163.

OPINION BY PORTER, J., October 11, 1909:

D. H. Stephens, the appellee, presented a claim against the estate of the decedent for compensation for services alleged to have been rendered the deceased during a period of ten years prior to her death, at the rate of $100 per annum. The auditor disallowed this claim, holding that the evidence was insufficient to establish it. Exceptions were filed to the report of the auditor, which the court below sustained and allowed the claimant the sum of $600, or $100 per year for the last six years of the lifetime of decedent. Nellie McCarrell, the residuary legatee, appeals from this decree.

Mary Carothers, the decedent, and D. H. Stephens, the appellee, were neighbors residing in Frankfort Springs, a small country village in Beaver county. The testatrix was a widow, without children, who owned three farms which she rented to tenants, with whom she personally made settlements. She was possessed of some personal property which consisted principally of notes which she held against her neighbors. The evidence disclosed that Stephens occasionally performed trifling services for her, of a character which is very often rendered by one neighbor in the country to another without thought of compensation. The appellee, in support of his claim, called four

witnesses to prove that he had rendered the services, and the testimony of those witnesses established that during the last six years of the life of the decedent the appellee had occasionally and irregularly performed acts for her in some business transactions. The utmost that can be claimed to have been established by the evidence to have been done by Stephens for the decedent is that, once in each of the six years he made for her a trip from Frankfort Springs to Beaver, the county seat, for the purpose of paying her county taxes; that on two occasions he made the same journey for the purpose of delivering to her counsel a promissory note which she held; that on three occasions he met at the house of the decedent another neighbor and calculated the interest on a note which the decedent held against the latter and drew a new note for the amount of the obligation; and that on another occasion he, at the request of the decedent, asked for and received the sum of $50.00 upon account of another note which the decedent held against a party residing in the village of Frankfort Springs. This is the sum total of the services which the evidence established to have been performed by Mr. Stephens for the decedent, his neighbor, during the last six years of her life.

"The temptation to set up claims against estates of decedents, particularly such decedents as have left no lineal heirs, is very great. It cannot be doubted, that many such claims have been asserted, which never would have been known, had it been possible for the decedent to meet his alleged creditor in a court of justice. . . . Such claims are always dangerous, and when they rest upon parol evidence, they should be strictly scanned:" Graham v. Graham's Executors, 34 Pa. 475; Miller's Estate, 136 Pa. 239; Carpenter v. Hays, 153 Pa. 432; Hughes' Estate, 176 Pa. 387; Weaver's Estate, 182 Pa. 349. The services for which the appellee claimed compensation were of such a character as to require the production of evidence of an express contract of the decedent to pay, or of facts from which the law would imply such a contract. The testimony of John M. Buchanan, Esq., while more full than that of any other witness as to the character of the services performed by the appellee, clearly discloses that so far as the decedent was concerned she

did not, at least until the year 1903, consider herself under any legal obligation to pay the appellee for the friendly acts which he had from time to time performed for her; that she considered his claim as one upon her gratitude and not upon her purse, as was said by Chief Justice MITCHELL in Hughes' Estate, supra. The only evidence in the case which would sustain a finding that there had been an agreement between the parties that the appellee should be paid for such neighborly acts as he performed for the decedent is found in the testimony of William M. Doak, to the effect that, in September, 1903, Stephens called on him and stated that Mrs. Carothers wished him to make a payment on the note which she held against him, that he then paid Stephens the sum of $50.00 on account of the note, taking the receipt of Stephens therefor; that he afterwards called on the decedent and asked her if she had placed his note in the hands of Stephens for collection, and that, "She said she had not; that she had hired him to attend to business for her; that she had got too old to go around to attend to it." This testimony tended to establish not a mere declaration of intention on the part of the decedent to pay, but involved the assertion that she had agreed to pay. The finding of the court below that the decedent had agreed to pay Stephens for the services which he performed, being based on this direct testimony, we do not feel warranted in reversing it. Conceding, however, that the appellee was entitled to recover, it does not follow that he was entitled to compensation for his services at the rate which he demanded. The testimony did not disclose what business Stephens had been hired to attend to for decedent, nor what amount he was to be paid. The amount which he should be awarded, therefore, is the value of the services which the evidence established that he had performed: Miller's Appeal, 100 Pa. 568. The services were performed occasionally and irregularly, and there was not a scintilla of evidence to sustain a contract either express or implied that the appellee was to be paid a regular salary. The evidence disclosed that the appellee did not give any considerable portion of his time to the business of the decedent. Stephens was the collector of the school and township taxes and his principal business, as

disclosed by the testimony in support of another claim before the auditor, was that of a teamster, in which he received compensation for himself and his team at the rate of $5.00 per day. Mr. Buchanan, it is true, did testify that the services of Stephens were worth $100 a year, but careful consideration of his testimony, both direct and upon cross-examination, clearly discloses that in making that estimate the witness was referring to services rendered during a period long barred by the statute of limitations. This claimant can only be permitted to recover for the services rendered during the last six years of the life of the decedent. As to the amount which he can recover for the services rendered during that period, it was not sufficient for him to call a witness to testify what those services were worth, without showing what services were actually performed. He can only recover for what he did, not for what he might have done. Mr. Buchanan did not pretend to make any estimate of the time which the claimant devoted to the business of the decedent. Six trips to Beaver to pay the county taxes of the decedent; two trips to the same place to deliver promissory notes to her attorney; calculating the interest due, upon three occasions, on a note held by the decedent against James McCutcheon; and calling upon William M. Doak and receiving a small payment upon a note held by the decedent are the sum total of the services shown by the evidence to have been performed by the claimant for the decedent during the last six years of the life of the latter. The time of the appellee, when giving the use of his team in connection with his own services, being disclosed by the evidence to be worth $5.00 a day, he is certainly not entitled to compensation at a higher rate for services of the character disclosed by the evidence in this case. Twelve days is a liberal estimate of the time for which he is entitled to compensation, and we are of opinion that he should be allowed $60.00 and no more.

The decree is reversed and it is ordered that the appellant pay one-half the costs of this appeal and that the other half of said costs be paid by the appellee, and the record is remitted to the court below with direction to make distribution in accordance with the foregoing opinion.