ALBERT BROUGHTON v. JOHN NICHOLSON, Executor of the Estate of ELIZABETH PHILBY, Deceased, Appellant.

**Husband and wife:** SERVICES OF WIFE: RECOVERY BY HUSBAND. Personal services rendered a decedent by a wife may be recovered by the husband, where there is no showing that the service was rendered under a contract with the wife or in pursuance of her separate calling.

**Estates of decedents:** CLAIMS: LIMITATIONS. In this action to recover for services rendered a decedent during a long series of years, and for money advanced during the same period, the evidence tended to show an understanding between plaintiff and decedent that plaintiff should be reimbursed at decedent's death. *Held,* that the question of whether the case was taken out of the statute of limitations by that fact, or by the fact that the various items were a part of a continuous account, was properly left to the jury.

**Same:** CLAIM FOR SERVICES: BURDEN OF PROOF: INSTRUCTIONS. A plaintiff seeking to recover for services rendered a decedent, and who was a member of the family of decedent, has the burden of showing that the service was rendered with the expectation on the part of both parties that the same should be compensated; and he must also establish the reasonable value of the service at that place. But upon proof that the services were rendered at the request of decedent an implied promise to pay the reasonable value thereof arises, unless it appears from the evidence that the same were gratuitous or were rendered while plaintiff was a member of decedent's family and receiving support therein. The instructions in this case as given by the court are held to properly state the rule.

**Same.** Where, as in this case, there was a conflict in the evidence as to whether the services for which plaintiff is making a claim against the estate of decedent were the kind of services contemplated by a contract with a son of decedent, the question of the estate's liability was properly left to the jury.

**Same.** Where, as in this action, plaintiff was relying upon a promise of compensation for services at decedent's death, an instruction to the effect that if relying upon a promise that plaintiff should receive an heir's share, such promise would not support a claim for the reasonable value of the services rendered, was properly refused.

**Appeal:** SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT. Where, as in this case, the appellant in brief and argument pointed out simply portions of plaintiff's claim that were not supported by the evidence, a reversal will not be ordered on the ground of insufficient evidence, especially as the jury allowed only a portion of plaintiff's claim.

*Appeal from Appanoose District Court.*—Hon. C. W. Vermillion, Judge.

Tuesday, February 7, 1911.

Plaintiff presented a claim against the estate of Elizabeth Philby, deceased, for services performed and money loaned, as shown in a verified account, to the total amount of $6,096. The defendant as executor contested the allowance of said account, and on a trial to a jury there was a verdict for the plaintiff in the sum of $2,500. From judgment on this verdict, the defendant appeals.—*Affirmed.*

*H. E. Valentine,* for appellant.

*Howell & Elgin,* for appellee.

McClain, J.—For the purpose of understanding the rulings hereafter to be commented upon with reference to the admission of evidence and the giving of instructions, the following brief statement of the nature of the case

will be sufficient: The plaintiff, in 1886, when twenty-two years of age, came to the town of Brazil from England, where he was born, and was engaged to some extent as laborer in a coal mine in part owned by Elizabeth Philby, the decedent, and operated by her sons. ' Within a few months he went to live with the decedent, who was at that time alone, although some of her children, all of whom were adult, lived near her. Plaintiff continued for substantially all of the time during the ensuing period of twenty-two years to live with the decedent, for some years at Brazil, then for a period of years in Sioux City, then for two years on a farm in Nebraska, again for a few years in Brazil, then for four years on a farm in Missouri, and finally again for a period of time at Brazil, where the decendent died at the age of eighty-eight years. A year or two before the death of decedent plaintiff was married, and he and his wife assisted in caring for decedent during her last illness. The claim of plaintiff is that during all this time while he was living with decedent he was rendering her services about the house and while in Nebraska and Missouri working for her in farming, and that from time to time as he received money from services rendered to others he left his earnings with her, and that there was never any accounting between them. His claim is for the reasonable value of the services rendered and for the money thus turned over.

I. Many errors are alleged to have been committed by the trial court in rulings on the admission and exclusion of evidence, but an examination of the record satisfies us that appellant's contentions in this respect are entirely without substantial merit. Questions objected to as calling for opinions and conclusions of witnesses were not, so far as we can see, beyond the limits of the rules usually applied to witnesses testifying to value of services over plaintiff's objection that they were not qualified to express an opinion. Questions to which objection was made on the

ground that they had been led up to by previous leading questions were not so far open to exception on this ground that we ought to interfere with the discretion usually allowed to the trial court in such matters. Certain leases admitted in evidence over defendant's objection were admissible for some purposes, and their consideration by the jury was properly limited by the instructions to those purposes. Certain answers to questions propounded to defendant's witnesses which were stricken out on plaintiff's motion were sufficiently covered by testimony of the same witnesses subsequently received. Some questions asked of witnesses for plaintiff on rebuttal were objected to as calling for incompetent testimony, and it is now urged they were objectionable as calling for personal communications or conversations between plaintiff and decedent; but the objections were not sufficiently specific to raise the question, and if there had been error it was obviated by subsequent rulings. Proof of the contents of a lease was objected to on the ground that its loss had not been sufficiently shown; but we think that it appeared beyond reasonable controversy that it could not be produced. We do not discuss the authorities cited on either side with reference to these things, for there is no controversy between counsel as to the rules of law applicable; the only question being whether they were erroneously and prejudicially applied in particular instances.

II. The motion of the defendant to take from the jury that portion of the evidence in support of plaintiff's claim which was based on the value of services of plaintiff's wife rendered to decedent during her last illness was properly overruled for the reason that it did not appear that the wife rendered such services under any contract of her own or in pursuance of a separate calling.

1. HUSBAND AND WIFE: services of wife: recovery by husband.

III. The statute of limitations was invoked by defendant as to services rendered and money turned over to

decedent more than five years prior to the filing of the

2. ESTATES OF
DECEDENTS:
claims:
limitations.

claim; but the evidence tended to show that the understanding between the decedent and plaintiff was that he should be reimbursed at decedent's death, and the question as to whether the case was taken out of the statute of limitations by that fact or by the fact that various items of claim were part of a continuous account was properly left to the jury.

IV.   There was evidence tending to show that plaintiff lived with decedent as a member of her family, and the defendant asked an instruction to the effect that services

3. SAME: claim
for services:
burden of
proof:
instructions.

rendered by him while occupying such relation would be presumed to be gratuitous, and the burden of proof was on the plaintiff to show an express promise to make compensation, or such facts or circumstances as would authorize a finding that the services were rendered in the expectation by the plaintiff of receiving, and by decedent of making, payment therefor.   On this subject the court instructed the jury that plaintiff must establish by a preponderance of the evidence that the services for which the plaintiff claimed compensation were rendered at the request of the decedent and must establish the reasonable value of such services at the places where they were rendered; and that on proof of services rendered at the request of decedent the law would imply a promise to pay the reasonable value thereof unless the jury should find by the preponderance of the evidence that said services were gratuitous or were rendered while plaintiff was living with decedent as a member of her family and receiving support therein; and further that, if the jury should find plaintiff to have been living with decedent as a member of her family and receiving support therein, a presumption would arise that such services were gratuitous, and that plaintiff must overcome this presumption by showing either that such services were rendered under an express promise on the part of decedent to

pay therefor, or that they were rendered by plaintiff and received by decedent in the expectation that payment therefor would be made. We are unable to see wherein the instructions given failed to cover fully the propositions stated in the instructions asked. The appellant has not pointed out any discrepancy which would justify us in holding the instructions given to be erroneous even if the instructions asked be conceded to be a correct statement of the law.

V. In two instructions the jury was told that for services rendered by plaintiff's wife to decedent during her last illness there could be no recovery by plaintiff if it appeared that such services were rendered under a contract with the son of decedent with whom she was then living. The objection to these instructions made by counsel seems to be that the court should have directed the jury not to allow anything for such services on the theory that they were conclusively shown by the evidence to have been rendered under contract with decedent's son. But we think there was a conflict in the evidence as to whether the contract with decedent's son involved the kind of services actually rendered and accepted.

4. SAME.

VI. An instruction, to the effect that the expectation of plaintiff that he would receive an heir's share of the estate of decedent on the promise of decedent that plaintiff would be treated as an heir at her death would not support a claim for the reasonable value of services rendered under such expectation or promise, was properly refused, for the reason that there was no evidence tending to show that plaintiff relied on any such expectation or promise, or, indeed, that any such promise was made. The promise relied on, express or implied, was that plaintiff should be compensated for his services at decedent's death.

5. SAME.

VII. Finally, counsel for appellant insist that a new,

trial should have been granted on the ground that the verdict was not supported by the evidence. This point is not presented in such a way that we can consider it. Counsel have not in their brief or argument set out any brief and concise statement of so much of the facts as to fully present the error relied upon in this respect, referring to the pages and the lines of the abstract. It would have been entirely practicable for counsel to point out, by brief reference or quotation, the portion of the record relied upon by plaintiff to establish an express or implied contract and indicated their views as to why portions of the record thus relied upon would not make out a case. Counsel for appellee have given a statement with reference to the record of the evidence relied upon by them, and the accuracy of this statement has not been questioned by counsel for appellant. Taking the statements of counsel for appellee as to what the record shows so far as they are inconsistent with the contentions in this respect of counsel for appellant to be true, we reach the conclusion that there was sufficient evidence to support the verdict.

6. APPEAL: sufficiency of evidence to support the verdict.

For appellant's counsel to point out simply that some portions of plaintiff's claim are not supported by the evidence is not sufficient to justify us in setting aside the verdict, for the jury allowed less than one-half of plaintiff's claim, and it is evident therefore that some portions of the account, presumably the portions not supported by sufficient evidence, were rejected. It is not contended that the verdict is excessive if any portion of the claim can be sustained, and we have no occasion therefore to discuss the sufficiency of the evidence as to various items of account.

Finding no error in the record, the judgment is *affirmed*.