## Peiffer's Estate.

*Decedents' estates—Claim for services—Nursing—Evidence—Insufficiency.*

1. Services for nursing are presumed to be paid for periodically.

2. A claim against a decedent's estate presented by the daughter-in-law of decedent for nursing was properly disallowed where it appeared that for a number of years claimant, her husband and decedent had lived together on the latter's farm; that the crops and income therefrom were regularly divided between claimant's husband, who was the tenant, and the decedent; that no express contract for such services was alleged and no demand was shown to have been made by the claimant in the lifetime of the decedent, and the only testimony in support of the claim were a number of loose and vague declarations on the part of the decedent that the claimant should be paid for her services; and the claim was not presented until after claimant's husband, who was executor of the estate, had been surcharged with a considerable sum for mismanagement of the estate.

Argued March 5, 1918. Appeal, No. 47, January T., 1918, by Mary Peiffer, from decree of O. C. Berks County, May T., 1916, No. 28, dismissing exceptions to adjudication in Estate of Edward Peiffer, deceased. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Mary Peiffer, the

wife of the executor, and the daughter-in-law of the decedent, presented a claim of $2,400 for nursing decedent.

The claimant, her husband and decedent resided together on the latter's farm for many years. The crops and income from the farm were regularly divided between the claimant's husband, who was the tenant, and the decedent. There was no evidence to support the claim except testimony as to a number of loose and vague declarations on the part of the decedent that the claimant should be paid for her services. There was evidence that claimant immediately after the funeral when asked what the estate owed her, replied, "I don't want anything; I gave it willingly."

The facts further appear from the following opinion of SCHAEFFER, P. J.

We have carefully examined again, the evidence bearing on this claim, and we do not see how in the light of it we can sustain the exceptions filed here. The testimony shows, that the claimant and her husband, occupied this farm with the decedent for many years, and that they lived together on it as one family, up to the time of his death. In view of this family relation, the testimony— loose expressions of gratitude and appreciation and of a desire that she should be paid, and the like: Wise v. Martin, 232 Pa. 159—is of a character, which is always regarded as insufficient to support a claim of this nature. No express contract is even alleged, and no demand is shown to have been made by the claimant in the lifetime of the decedent. Services for nursing are presumed to be periodically paid: Cummiskey's Est., 224 Pa. 509, and it is almost incredible, that the decedent should receive his share of income of the farm from the claimant's husband who had the sole control of the same, for this period of two and one-half years, during which she rendered these services, and not some settlement be made for the nursing, if payment was contemplated by the parties. The facts and circumstances surrounding

1918.]   Opinion of Court below—Opinion of the Court.

this whole case justify the conclusion that these services were either voluntarily performed by the claimant by reason of the relation existing between her and her father-in-law, the decedent, or were paid for at stated periods when they were due; and that this claim would not have been made, if claimant's husband, the accountant, to whom the farm was devised had not been charged with the mismanagement of the estate, and finally sur-charged with the sum of $1,442.19.

Despite the earnest and exhaustive argument of counsel for the exceptions, we are constrained to dismiss them, and confirm the distribution absolutely.

The lower court dismissed the exceptions to the adjudication.   Mary Peiffer appealed.

*Error assigned* was in dismissing exceptions to the adjudication.

*William Kerper Stevens,* for appellant.

*W. S. Rothermel* and *W. E. Sharman,* for appellees, were not heard.

Per Curiam, April 22, 1918:

For the reasons given by the learned court below for disallowing appellant's claim for services, her appeal from its disallowance is dismissed, at her costs.