WILL OF GOLDRICK: VOGL, Appellant, vs. ESTATE OF
GOLDRICK, Respondent.

*March 6—April 2, 1929.*

For the appellant there were briefs by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

For the respondent there were briefs by *Chas. H. Avery* of Antigo, attorney for J. C. Lewis, executor; *Brown, Pradt & Genrich* of Wausau, attorneys for the residuary legatees, and *R. H. Fischer* of Shawano, guardian *ad litem;* and the cause was argued orally by *Mr. Avery* and *Mr. L. A. Pradt, Jr.*

The following opinion was filed April 2, 1929:

CROWNHART, J. The testatrix, Elizabeth Goldrick, left a will, which was duly probated, in which the claimant, Charles C. Vogl, Sr., was named as a legatee in the sum of $1,000. The will was admitted to probate, and the claimant

thereupon filed a claim against the estate for $2,210 in *quantum meruit,* based upon services rendered the testatrix in her lifetime.

The testatrix was a widow, living at Aniwa, Shawano county, next door to the claimant. At her death she was seventy-four years of age. The claimant had worked for the testatrix's husband for eighteen years prior to his death. Claimant was president of the Farmers' Tri-County State Bank, of Aniwa, and was a man experienced in business affairs. After the death of the husband of the testatrix, the claimant, for a period of about eight and one-half years, performed various services for the testatrix of a manual and clerical nature. Such services were occasional, and consisted of the doing of odd chores around the testatrix's home, collection of rents, looking after testatrix's real estate to some extent, and various things that a friendly neighbor might well perform for a widow next door, whose relations to her husband and to her had always been friendly and neighborly. Testatrix was possessed of property of about $80,000. In addition to the services rendered by the claimant she had two or three lawyers to look after her legal affairs, and others who rendered manual services about her place.

During the eight and one-half years for which claimant made his claim for services he received from the testatrix some $340 in cash, which was given to him by testatrix from time to time. He never made any claim against testatrix for his services, and when given money for the same he took it with reluctance. He never kept any books of account of such services, and was able to produce but little evidence of any specific services which he rendered to the testatrix.

The claimant produced evidence that the testatrix had, at various times during the period of such services, shown an intention to remember him in her will. The evidence is quite convincing that if the claimant ever expected any fur-

ther reward for his services, other than was paid to him from time to time, it was his thought that the testatrix might remember him in her will, which she did. We are satisfied that there was no such relation existing between the claimant and the testatrix as would raise an implied contract to pay for such services in excess of the amount that she paid from time to time. These sums evidently were received by the claimant in full payment of such services. Being an experienced business man, if he intended to make any other claim against the testatrix he naturally would have kept some memorandum of account so as to present his claim to her in an intelligent manner. He did not do so, clearly indicating no thought on his part that he had any such claim.

There is undoubtedly a strong temptation to participate in the estates of deceased persons by magnifying trifling services into large claims, when the persons to whom the supposed services were rendered are dead and have no answer to make. Claimants, silent in the lifetime, become voluble when their pretended debtors can no longer speak. Such claims are not favored in law. The testatrix had abundant means to pay the claimant for his services as rendered, and she certainly expressed her willingness to do so. It comes with bad grace for the claimant to delay his claim for a period of eight and one-half years until the death of the testatrix.

The issue was tried before a jury, which rendered a verdict for $1,500. The county judge offset the legacy against this claim and gave the claimant judgment for $500. The claimant appeals from that judgment, and the respondent filed a notice of review, pursuant to sec. 274.12 of the Statutes.

From the evidence in the case we are satisfied that the court should have directed the verdict of the jury against appellant's claim, or set it aside when rendered. The testatrix has remembered the claimant in her will to the extent

of $1,000, which he will have notwithstanding he may have expected a larger legacy. However large his anticipations of gain from the widow's bounty, his claim against the estate must be founded on convincing evidence, which he did not produce.

Other questions are discussed in the briefs, but by our decision it is unnecessary to consider them.

*By the Court.*—The judgment of the county court is reversed on respondent's notice of review, with directions to dismiss the proceedings.

A motion for a rehearing was denied, with $25 costs, on June 4, 1929.