# RATLIFF *v.* SADLIER ET AL.

No. 2910

June 5, 1931.                                    299 P. 674.

*Sardis Summerfield,* for Appellant:

*Thatcher & Woodburn* and *John Donovan,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

Plaintiff brought this action to recover compensation for services, and prayed judgment for the sum of $2,211. The trial court rendered judgment against him. This appeal is from the judgment and the order denying his motion for a new trial.

The complaint alleges: "That commencing on the 24th day of May, 1926, and ending on or about the 16th day of May, 1928, plaintiff, at the special instance and request of Frances A. Frey, now deceased, continuously between and including said dates rendered services as manager, laborer, carpenter and builder upon the farm of the said Frances A. Frey, now deceased, in Washoe County, Nevada; that there was at no time any specific contract, agreement or understanding between the plaintiff and the said Frances A. Frey, now deceased, respecting the amount or rate of compensation which should be paid to plaintiff for his services; that said services were and are of the reasonable worth and value of $2,380." Then follows other allegations, including the payment on account of said services by Frances A. Frey in her lifetime of divers small sums amounting in all to $169; that $2,211 was due and unpaid; that said Frances A. Frey died testate; that defendants were appointed executrices of her last will and testament, and qualified as such; that plaintiff duly filed his claim against her estate; and that defendants rejected the same.

The answer denies all of the allegations of the complaint save the last four mentioned, and alleges as an

affirmative defense that, if any services were performed by the plaintiff as set forth in his complaint, he received compensation for the same by reason of a devise to him of a life estate in the ranch property on which the said services are alleged to have been performed.

The case was tried to the court without a jury, and the court found as follows: (1) That plaintiff worked on the farm of Frances A. Frey, deceased, caring for the usual and ordinary necessities in farm activity, also in excavating a cellar and building a house upon the property, and lived upon the premises as a member of decedent's household during the whole period between the 24th day of May, 1926, and May 16, 1928; (2) that Frances A. Frey died testate on the 16th day of May, 1928, leaving a will under which she left plaintiff a life estate in certain ranch property appraised at the valuation of $20,000; (3) that the plaintiff went to work upon the farm of decedent without any agreement whatsoever with Frances A. Frey as to compensation for his services; (4) that plaintiff made no demand during the lifetime of Frances A. Frey for any specific wage for his services; (5) that said services were and are of the reasonable value of $50 a month; (6) that within and during the course of the rendition of said services the said Frances A. Frey, in her lifetime, gave to plaintiff the sum of $169; (7) that the claim was filed against the estate and rejected; (8) that the allegations in said complaint are not sustained by the evidence. Counsel for plaintiff prepared and requested of the court findings in conformity to the allegations of the complaint, which were rejected.

██ It appears that the case was submitted to the trial court for decision not later than May 2, 1929, and that the court did not decide the case until December 6, 1929. Appellant assigns this as error, and suggests that the decision and findings and judgment based thereon are coram non judice, because of the requirement of section 5227 of the Rev. Laws. The requirement contained in that section reads: "Upon a trial of a question of fact by the court its decision must be given * * *

within thirty days after the cause is submitted for decision."

Statutes the same as this have always been held directory merely. City of Los Angeles v. Hannon et al., 79 Cal. App. 669, 251 P. 247; McLennan v. Bank of California, 87 Cal. 569, 25 P. 760; Hoppin v. Long, 74 Mont. 558, 241 P. 636; Lynch v. Coviglio, 17 Utah, 106, 53 P. 983.

We find no dissent from the doctrine of these cases, and it has long been the established practice of this state. A construction of the statute in conformity with this practice seems most consonant with the ends of justice. And such construction does no violence to the wording of the statute. State ex rel. Baker v. Wichman, 52 Nev. 17, 279 P. 937. As the statute is directory, the judgment is not void because of the time taken by the trial court to render its decision, nor was it error for the court to do so.

■ The trial court ordered the case resubmitted for consideration without the knowledge, stipulation, or consent of counsel. Error is assigned as to the action of the court in this regard because of the provisions of chapter 222, Statutes of 1913, at page 313. Section 5 of the act provides: "Each district judge shall, before receiving any monthly salary, file with the clerk of each county within his district and with the state controller, an affidavit, in which shall be set forth the number of cases, motions or other matters submitted to him as such district judge in and for each county embraced within his district which remain undecided and that no such case, motion or matter remains undecided which has been submitted for a period of more than ninety days."

Section 6 of the act prescribes: "A case, motion or other matter submitted to the supreme court, or to a district judge for decision, shall not be ordered resubmitted so as to affect the provisions of this act, except by stipulation or consent of counsel in the case, filed or entered of record."

The purpose of this statute is to prevent the rendering

of decisions from being deferred longer than ninety days without the consent of counsel. It is sought to effect this purpose by withholding, after the time and until a decision is rendered, the salary of the judge to whom a case has been submitted. It is doubtful if the statute serves its purpose, as it is rarely that counsel does not readily consent to a resubmission. It is clear that the statute only affects the right of a judge to draw his salary. Counsel for defendant admits that this may be the only effect. We feel quite certain of it. Moreover, it is difficult to see how appellant was in any manner injured by the resubmission of the case. Furthermore, it would be very unjust to penalize a successful party for the action of the court in this regard.

The other assignments of error go to the insufficiency of the evidence to support certain findings of the court, to the refusal of the court to adopt plaintiff's proposed findings, and to the decision and ruling that the devise of a life estate to the ranch constituted payment to plaintiff for his services.

We have carefully considered all of them, and reach the conclusion that the judgment must be affirmed. Some of the findings are immaterial, but there are sufficient to support the judgment. Such as are essential in this respect are sustained by substantial evidence, or must be assumed to be so sustained. The court found, as we have seen, that during the period for which compensation is claimed plaintiff lived upon the premises as a member of decedent's household. No assignment of error is predicated upon this finding; consequently we must assume that the evidence supports it. Where one lives with another as a member of his or her household, and at the same time performs services for such other, the presumption arises that the services were rendered gratuitously. The presumption which justifies an implied contract does not exist under such circumstances. Smith v. Davis' Estate, 206 Mo. App. 446, 230 S. W. 670; Broughton v. Nicholson, 150 Iowa, 119, 129 N. W. 814, 816; Hoskins v. Saunders, 80 Conn. 19, 66 A. 785; In Re Peiffer, 261 Pa. 209, 104 A. 576; 24

C. J. p. 281, 282. The rule is well stated in Smith v. Davis' Estate, supra: "Where one accepts valuable service from another, the law implies a promise to pay therefor; but the presumption which justifies an implied contract does not exist where the service is performed by one from whom the family relation existing between the parties raises a presumption that the services were gratuitous."

In Broughton v. Nicholson, supra, where the plaintiff, who had been living with the decedent as a member of her family and receiving support therein, brought an action to recover for services rendered during that period, the court said: "A presumption would arise that such services were gratuitous, and that plaintiff must overcome this presumption by showing either that such services were rendered under an express promise on the part of decedent to pay therefor, or that they were rendered by plaintiff and received by decedent in the expectation that payment therefor would be made."

The rule applies when the family relation actually existed between claimant and decedent, although there was neither consanguinity, affinity, nor adoption. 24 C. J. 282. The same presumption obtains as to claims against estates of deceased persons where no demand is made during the lifetime of the deceased.

"But where a claim for services or board is first made after the decease of the alleged debtor, the presumption obtains that payment was made or that it was not intended to demand payment, and evidence to establish a claim for services against a decedent's estate not made during his lifetime must be other than mere loose declarations, and must clearly and distinctly establish a contract between claimant and decedent." 24 C. J. 279; Douglas v. Beebe, 46 S. D. 559, 195 N. W. 165; In Re Weaver, 182 Pa. 349, 38 A. 12; Vogl v. Goldrick's Estate, 198 Wis. 500, 224 N. W. 741.

■ In view of the foregoing legal standards, and after a careful consideration of the evidence, we are of the opinion that the finding of the court that the plaintiff

went to work upon the farm of the decedent without any agreement whatever with Frances A. Frey as to compensation for his services cannot be disturbed. He made no demand. during her lifetime for any wages. The trial court found that as a fact, and the finding is not attacked on this appeal. While plaintiff worked on the ranch doing the usual things to be done in farm work, and, in addition, excavated and constructed a cellar, and put together upon the premises a house of the Alladin type, he also lived upon the ranch during the entire period, and, as the court found, as a member of decedent's household. There is no evidence anywhere in the record tending to show that he expected compensation. The declaration of Frances A. Frey, testified to by the witnesses Shellhorn and Durly, are of little probative value. These declarations are substantially that if at any time he (plaintiff) did not care to stay on the place she would pay him for his labor if she had to sell the place to do it; that she had looked out that he would always have a home; that he would always be taken care of; and that she had fixed it that way; that she did not know what she would have done without Jim (plaintiff); that he had done everything for her; that he had stood by her through everything; that she intended to pay Jim for what he was doing for her; that in case anything happened to her that she had everything fixed for him. In our opinion, these declarations are just as consistent with her intention to make plaintiff an object of her bounty as a faithful and serviceable member of her household, as of her intention to compensate him for labor pursuant to any contract. As remarked in Howd v. MacGregor, 102 Conn. 331, 128 A. 518, 519: " * * * That the line of demarcation is shadowy between those expressions of a decedent which are meant and understood merely to denote an intention to give of his bounty, and those which may fairly arouse an expectation of compensation for services rendered. * * * "

In this case there is no proof from which it can be inferred that plaintiff did anything relying on

these statements. There is nothing to show that they were ever made in his presence. The trial court did not expressly find that plaintiff expected no compensation for his services, but we think the findings that he lived upon the premises as a member of decedent's household during the time for which compensation is claimed, and went to work upon the farm of decedent without any agreement whatsoever as to compensation for his services, are sufficient to negative any such expectation. Bawden v. Kuklinski, 48 Nev. 181, 228 P. 588, 232 P. 782. However, under the circumstances, a finding of that character will be implied, if necessary to sustain the judgment.

█ It is contended that the trial court erred in holding that the devise of a life estate to the ranch land constituted payment to appellant for his services rendered. We are not called upon to determine that question. The error, if such, occurs in the written decision of the trial court, which is no part of the findings, and cannot therefore affect the judgment. Moreover, the court did not find that there was any contract for services, but, as we have seen, found to the contrary. It follows from what we have said that there was no error in rejecting plaintiff's proposed findings.

The judgment is affirmed.