J. H. PERAN, Respondent, *v.* U. P. MONROE et al., Appellants.

Where the notice of appeal is filed one day before the expiration of the time limited for taking an appeal, but the undertaking is not filed until three days after the expiration of that time but within five days after the filing of the notice of appeal, held that the appeal was taken within the year allowed by statute.

An appeal is taken by the filing and service of the notice, but it is effectual for no purpose until the undertaking is filed. And the failure to file such undertaking within the time prescribed by the Practice Act renders the notice nugatory, but if filed within that time it relates back to the time of the filing and service of the notice of appeal.

APPEAL from the District Court of the Ninth Judicial District, State of Nevada, Esmeralda County, Hon. S. H. CASE presiding.

The facts appear in the opinion.

*J. Neely Johnson* and *W. T. Gough*, Attorneys for Appellants.

The notice of appeal in this case was made, served and filed July 11, 1865; the appeal cost bond filed July 15, 1865, and the judgment appealed from is dated July 12, 1864.

A party has one year to take an appeal from a final judgment. (Act 1864, p. 81, sec. 30.)

An appeal is made or taken by the filing of the notice and service of a copy. (Act 1861, p. 362, sec. 275.)

The appeal is rendered effectual by the filing of the undertaking within five days after the notice of appeal is filed. (Act 1861, p. 363, sec. 286.)

It is contended by respondent the appeal should be dismissed, because although the bond was filed within five days after the filing of the notice, yet it was not filed within one year after the entry of the judgment.

The statute above cited has determined that the taking of an appeal is the filing of a notice and service of a copy. When that is done within the time, as it was in this case, the appeal is *taken* within the meaning of the Act of 1864, cited above.

Such an appeal may or may not be rendered *effectual* by the filing or nonfiling of the proper undertaking within five days thereafter; but until the expiration of that time the appeal is "made" or "taken." This is the rule in California. (*Whipley* v. *Mills*, 9 Cal. 641.)

Nor does the case of *Hastings* v. *Halleck et al.* question the correctness of the rule. The Court there deciding that to "constitute" an appeal the notice of appeal must be filed and served, and the undertaking filed. "All these steps must be taken within the time limited by the statute." If not so taken the appeal is not "perfected."

Again, the doctrine of relation applies to this case, and the last act relates to the first.

The filing of the notice and the service of the same being regular, and the filing of the undertaking being within five days after the notice was filed, the appeal must be deemed "perfected" on the date of the filing and service of the notice. (*Barnes* v. *Stark*, 4 Cal. 412.)

*Thos. Wells* and *W. M. Sewell*, Attorneys for Respondent.

This is an appeal from a decree rendered July 12, 1864. The appeal bond was not executed or filed until July 15, 1865.

To render an appeal effectual for any purpose, a written undertaking shall be executed by the appellant. (Practice Act, sec. 286.)

The appeal must be taken within one year after the rendition of judgment. (Practice Act, sec. 274.)

To constitute an appeal three things are necessary:

*First*—Filing the notice.

*Second*—Service of the same.

*Third*—Filing the undertaking.

All these steps must be taken within the times limited by the statute. If not so taken, there is no appeal perfected, and this Court has no jurisdiction of the case. (*Hastings* v. *Halleck et al.*, 10 Cal. Rep., p. 31.)

No undertaking having been filed within one year after the rendition of the decree, this appeal should be dismissed.

Opinion by LEWIS, C. J., full Bench concurring.

It appears from the record in this case that the judgment of the Court below was rendered on the 12th day of July, A. D. 1864; that notice of appeal was filed and served on respondent's counsel on the 11th day of July, A. D. 1865; but it seems the undertaking was not filed until the 15th of July, which was more than one year from the day the decree was rendered. Upon these facts it is claimed, on behalf of the respondent, that the appeal was not taken within the time limited by statute, and should therefore be dismissed. If no appeal is taken until an undertaking is filed, unquestionably the respondent is correct in the position he has taken upon this motion. The Practice Act will, however, admit of a different, and what appears to us to be a more correct construction. Section 275, Laws of 1861, expressly declares that the appeal shall be made by filing with the Clerk of the Court with whom the judgment or order appealed from is entered, a notice stating the appeal from the same; not the filing of a notice *and* undertaking, as claimed by respondent. Section 286, page 363, it is true, declares that " to render an appeal effectual for any purpose in any case, a written undertaking shall be executed on the part of the appellant by at least two

sureties." An appeal may, however, be *taken*, though not completed or effectual for any purpose until the undertaking is filed. The appeal is taken by filing and serving the notice, and the appeal so taken becomes effectual or complete only by the filing of an undertaking within five days after such notice. The failure to file such undertaking within five days renders the filing of the notice nugatory, but if filed within that time the last act relates back to the first, and the appeal becomes complete. Should we hold that an appeal is not taken until the undertaking is filed, it would be in direct conflict with section 275, above referred to, which declares that the appeal shall be made by filing and serving the notice. These sections must be construed together so as to give full effect to the language of both, if it be possible, and that can only be done by holding that the appeal is *taken* by filing and serving the notice.

Upon the merits of this appeal nothing need be said, as the question involved has already been passed upon by this Court. (*Burling* v. *Goodman*, April Term, A. D. 1865.

Judgment reversed and cause remanded for further proceedings.