[No. 1512.]

# THE STATE OF NEVADA, Respondent, v. THE ALTA SILVER MINING COMPANY, a Corporation, Appellant.

PRACTICE—APPEAL—UNDERTAKING. An undertaking on appeal is not executed until it is delivered to the clerk for filing.

IDEM—UNDERTAKING ON APPEAL—TIME OF FILING—PRESUMPTION. Where the record shows that the notice of appeal was filed, and afterwards, on the same day, the undertaking on appeal was filed, in the absence of any showing to the contrary, it will be presumed that it was properly filed after the filing and service of the notice of appeal, or contemporaneously therewith.

IDEM—QUALIFICATION OF SURETIES. Under section 341 of the civil practice act, it is not necessary that the residence or occupation of sureties be given in an undertaking on appeal.

STATUTES—DISINCORPORATED AND UNINCORPORATED TOWNS—FIRE DEPARTMENT FUND. Stats. 1864-5, p. 328, being "An act to create a fire department fund," providing for a levy upon the assessed value of property within unincorporated towns, for the benefit of the fire departments in such towns, applies to towns which were incorporated at the time of the passage of the act, but which have since become unincorporated, as soon as they become so.

TAXATION—VERDICT—INSUFFICIENCY OF EVIDENCE—NEW TRIAL. Where the only competent witnesses as to the value of certain property testify that it is worth less than the valuation fixed by the verdict of the jury, a new trial should be granted.

IDEM—PENALTIES AND COSTS—TENDER. If a tender, duly made, of a part of the taxes levied on property, is sufficient to pay what should have been legally assessed against the property, it will save any penalties and costs attaching; but, if not sufficient, it will not prevent penalties and costs attaching upon the entire amount of the taxes.

APPEAL from the District Court of the State of Nevada, Storey county; *C. E. Mack*, District Judge:

Action by the State of Nevada against the Alta Silver Mining Company to recover taxes. Judgment for plaintiff. Defendant appeals. Reversed.

The facts sufficiently appear in the opinion.

*W. E. F. Deal*, for Appellant:

I.   The judgment is against law. It includes the taxes at the rate of twenty cents upon each one hundred dollars in value of the company's property situated in Gold Hill. This levy was absolutely null and void, for the reason that the board of county commissioners had no power to levy any tax whatever, in excess of the amount authorized by the

legislature, and the limit was fixed by the act entitled "An act to amend an act providing for the government of the towns and cities of this state, approved February 25, 1889." (Stats. 1889, p. 43.) This act, as amended, gave the board the power: "Third—To levy a tax not to exceed one and one-half per cent per annum upon the assessed value of all ·real and personal property (including proceeds of mines) situated in said town or city, made taxable by law for state and county purposes. * * * Sixth—To provide for the prevention and extinguishment of fires, and organize, regulate, establish and disband fire companies or fire departments in said city or town, and to provide for the payment thereof and appointment and payment of officers thereto."

II.    The Town of Gold Hill was incorporated by an act of the legislature of December 17, 1862 (see Statutes of the Territory of Nevada, 1862, p. 24), and it remained a corporation under that and other acts of the legislature, until disincorporated under the act of 1881. Power to levy this additional tax was claimed in the lower court and in the case of *State* v. *V. T. R. Co.*, appealed to this court, under an act of the legislature entitled "An·act to create a fire department fund, approved March 9, 1865" (Gen. Laws, secs. 2070 to 2077), of which the first section was amended in 1881 (Stats. 1881, p. 110), and the act to provide policemen in incorporated cities, towns and villages, approved March 11, 1865, page 396.    (General Laws, secs. 2041 to 2051.)

III.    The argument was that these acts authorized a special tax for municipal purposes. The fallacy of such an argument is shown by the fact that neither of the acts of 1865 had any reference or applicability to the town of Gold Hill. The original acts had nothing to do with the government of that town, as it was incorporated under a special act of the legislature completé in itself at the time the original acts were approved, and it had been so incorporated for three years before, and remained so for sixteen years afterwards, when it was disincorporated, and a complete act for the management of its affairs adopted, which contains all the powers the board of county commissioners have for the purposes of taxation for its support. (Cooley on Taxation, 2d ed., p. 276.)

IV.   The amendment to the act approved in 1881 could not apply to the Town of Gold Hill, as the original act did not.   These acts of 1865 were designed for the government of such unincorporated towns as existed at the time of their approval, in 1865, and not to towns and cities which had municipal governments with full powers under special incorporation acts of the legislature.

V.   The judgment is against law as to the penalties of ten per cent and twenty-five per cent for non-payment of the taxes when due.   Laws imposing penalties for the non-payment of taxes must be strictly construed.   (*U. S.* v. *Morris*, 14 Peters, 475; *Schooner Nymph*, 1 Sumner, 516–518; Cooley on Taxation, p. 359.)

VI.   The whole tax must be legal to authorize the imposition of penalties.   (*Worthen* v. *Badgett*, 32 Ark. 532; *State* v. *St. Louis R. Co.*, 71 Mo. 88; *Lake Shore R. Co.* v. *People*, 40 Mich. 93; *Pike* v. *Cummings*, 36 Ohio St. 24; *State ex rel. Pettis Co.* v. *Union Trust Co.*, 68 Mo. 463; *State* v. *Certain Lands in the County of Redwood*, 40 Minn. 524; 42 N. W. 473.)

VII.   Penalties only attach upon the failure of the taxpayer to perform his legal duty to pay, the extent of which is not and cannot be ascertained until the correct amount of the taxes has been determined, which can only be done by deducting the illegal tax.   It requires the judgment of a court of competent jurisdiction to do this, and, until it is done, no legal obligation to pay arises, and, until it does arise, there can be no default, and, until there is a default, no penalties can be legally imposed.

VIII.   The evidence was insufficient to justify the verdict of the jury.   There were but two competent witnesses who testified in the case as to the value of the property—E. D. Boyle and A. J. McCone.   Mr. Boyle was superintendent of the company, and had been for about twenty-two years, and had charge of the erection of all the property in question. He testified that the property described in the complaint as mining works and machinery, including the mill, was about $15,000, the mining works being worth $10,000 and the mill $5,000, and that the mining claim and all the property was not worth more than $15,600, or $15,800, and that there was no ore in the mine, nor any reasonable prospect of finding

any.  A. J. McCone testified that he was familiar with the property in question; that he designed the mill which was built from his drawings; that $4,000 was a heavy valuation to place upon the mill, and that the hoisting works were worth $12,500; that there was no market for such property, .and that, if bought to sell again, was worth $5,000, and after making necessary repairs, it would be possible to get from $10,000 to $12,000 for the machinery.  He also testified that the company spent millions of dollars in prospecting the mine and could find no ore.  It would seem hardly possible to find two men who were more familiar with the matters they testified about than these witnesses.  The highest value placed upon the property by either of these witnesses was $16,500, and no other witness testified in the case as to its value, yet the jury brought in a verdict placing a valuation of $24,000 upon it, and the district court refused to grant a new trial upon this record.

*Geo. N. Noel,* District Attorney, and *F. M. Huffaker,* for Respondent:

I.  There is no authority vested in any person or tribunal to accept a tender of a part of the amount due for taxes until the act of 1891 has been conformed to in every respect, and should the tax collector of Storey county have accepted the amount tendered by appellant, he would have been exceeding his power and authority, thereby subjecting himself to a liability unwarranted by law or precedent.  (*State v. Carson City Savings Bank,* 17 Nev. 146.)

II.  Answering appellant's assignment of error regarding the levying of a tax of thirty cents for fire purposes in Virginia and Gold Hill, we have to say that said tax was and is expressly authorized by the law of this state.  Virginia City and Gold Hill were incorporated municipalities February 26, 1881, when they were disincorporated, and became unincorporated towns.  (Stats. 1881, pp. 26, 79.)  On the same day (page 69 of said Stats.) the legislature gave the commissioners authority to organize a fire department and pay for the same.  In section 2 of this last act, the $1 50 authorized to be levied by subdivision 3 of section 1 of said act, were for general city and town purposes, and as doubt-

less the legislature had some doubts as to whether this general authority would warrant the commissioners in levying any special tax, to remedy this, on the 1st day of March, 1881 (Stats. 1881, p. 110), an act entitled "An act to amend an act to create a fire department fund," approved March 9, 1865, was approved which reads as follows: "Section 1. The county commissioners of the various counties of the State of Nevada are hereby empowered to levy and collect a tax of not exceeding one-half of one per cent upon the assessed value of property within any unincorporated town for the benefit of the fire department in such town." There can be no question that the legislature can authorize a special tax for municipal purposes, and such was the purpose of this act, and such taxes have no reference to taxes for general purposes, and, therefore, this additional tax of thirty cents is valid, and there was no error in striking out the defense pleaded thereto.

By the Court, BONNIFIELD, J.:

Action to recover taxes due for the year 1896, amounting to $1,242, and penalties and costs.

The property described, about which there is contention as to value, consists of a certain quartz mill and certain hoisting works belonging to the Alta Silver Mining Company, situated in the Town of Gold Hill, Storey county. The assessor placed the value of the mill at $10,100 and the hoisting works at $20,000. The company, in the statement to the assessor, put the value of the one at $5,000 and of the other at $10,000. The board of equalization reduced the assessor's valuation of the quartz mill to $6,000, and of the hoisting works to $18,000. By the answer it is alleged that said assessment of $24,000, as equalized by said board, is in excess of the true cash value of said property, and that the true cash value thereof is the sum of $15,000.

The jury found the value of the property to be $24,000. Judgment was given for said sum of $1,242, with the penalties and costs. This appeal is taken from the judgment and from the order of the court below denying appellant's motion for new trial.

Counsel for respondent moved for an order of this court

dismissing the appeal on the ground of the insufficiency of the undertaking: First: "In this, that said undertaking was executed before the notice of appeal therein had been filed or served." Second: "In this, that the residence or occupation of the sureties named and executing said undertaking are not set forth therein."

The record shows that the notice of appeal was filed on the 21st day of September, 1897, and afterwards, on the same day, it was duly served. It also shows that the undertaking was filed on the same day, and in the absence of any showing to the contrary it will be presumed that it was properly filed, that is, that it was filed after the filing and service of the notice or cotemporaneously therewith. The undertaking being signed by the sureties and their affidavits thereto being taken on the 20th day of September, it is claimed that it was executed before the filing and service of the notice of appeal, but the undertaking was not executed till it was delivered to the clerk for filing.

Section 342 of the civil practice act is cited by counsel in support of their contention that the undertaking is insufficient because the residence and occupation of the sureties are not set forth therein. That section has reference to an undertaking given to stay execution. Whether it is sufficient for that purpose or not, is not a matter for inquiry before this court. It is sufficient under section 341 to perfect the appeal. That section does not require the residence nor the occupation of the sureties to be set forth in the undertaking or otherwise. (*State of Nevada* v. *California M. Co.*, 13 Nev. 203.) The motion is denied.

*The Levy:* It appears that the board of county commissioners of said county for the fiscal year 1896 levied, among other taxes, upon all the property within the limits of said town, an ad valorem tax of $1 40 upon each one hundred dollars value of said property for the purposes of said town, and likewise a tax of twenty cents for the purpose of the fire department of said town.

The question as to the authority of the board to levy said twenty-cent tax is presented by the record for the determination of this court.

It is claimed that the authority to levy this tax of twenty

cents is given by "An act to create a fire department fund" (Stats. 1862, 328), and amendments thereto, (Stats. 1881, 110), of which act section 1 provides: "The county commissioners of the various counties of the State of Nevada are hereby empowered to levy and collect a tax of not exceeding one-half of one per cent, upon the assessed value of property within an unincorporated town for the benefit of the fire department in such town."

Counsel for appellant contends that the said act of 1865 did not apply to Gold Hill, because at the time it was an incorporated town, and hence that the amendment of 1881 does not apply because the original act did not and does not so apply. The amendment of 1881 simply raised the limit of the levy from one-quarter of one per cent to one-half of one per cent.

It is true that the act of 1865, at the time it was passed, did not apply to Gold Hill, because that town was then an incorporated town.

The act applied to a class of towns, to wit: unincorporated towns. Gold Hill was disincorporated in 1881 by special act of the legislature, and thereupon became an unincorporated town. When it became of that class the act of 1865 became applicable to it, the same as it became applicable to all towns of that class which have sprung up since the passage of that act and not incorporated. We are of opinion that said levy was legally authorized.

*The Evidence:* The insufficiency of the evidence to justify the verdict of the jury is one of the grounds on which the motion for new trial was made. E. D. Boyle and A. J. McCone were the only witnesses examined who gave an intelligent opinion as to the value of the property in question. These witnesses showed themselves to be thoroughly familiar with the property and competent in every respect to testify to its value. The highest value in 1896 either of them placed the property at was $16,500. We find no evidence in the record to justify a higher valuation, and therefore hold that the evidence does not justify said verdict.

*Penalties—Tender:* The defendants tendered to the tax collector the sum of $779 50 in full payment of all the taxes for the year 1896, claiming that the same was in excess of

the true amount due of legal taxes assessed upon the true cash value of defendant's property. The tender was set up in the answer. To this part of the answer the plaintiff demurred and moved the court to strike it out. The demurrer was sustained and the motion granted. Defendants excepted, and assigned the action of the court as error. In support of the action of the court the case of *State* v. *Carson Savings Bank*, 17 Nev. 146, is cited. In that case the amount of the tax assessed against the bank was $1,349 58. The bank tendered $669 50 in full payment, claiming the same to be all that was legally due. The question in that case was whether certain bank deposits were assessable to the bank. The bank claimed that they were not, and tendered the whole tax, except the amount assessed on said deposits. This court held that said deposits were properly assessed to the bank. The bank claimed it was not liable for the thirty-five per centum penalties on the amount it had tendered. The court said: "The facts are these: There were due one thousand three hundred and forty-nine dollars and fifty cents. Defendant tendered six hundred and sixty-nine dollars and fifty cents in full payment and satisfaction. The tender was made on condition that it should be received in full satisfaction. Certainly the county treasurer had no authority to receive the money with that condition attached. If defendant's theory of the law had been found correct, the tender would have been sufficient. But the law being otherwise, the tender of a part, made on condition that it be received for the whole, does not relieve defendant from the payment of the entire penalties."

The court recognized the right of a taxpayer who may be sued for a tax to contest the same on any legal ground, and to tender the amount he may deem to be legal and proper, and if he shall prevail in his contention and the court shall find that he has tendered the full amount properly assessable against him, he shall not be subject to penalties. In this view we fully concur.

The judgment and order from which the appeal is taken are reversed.

The trial court upon a new trial will ascertain the amount of taxes due, based on the true cash value of the property as

then found, and will determine whether the amount of said tender equals or exceeds the amount of the taxes so found; if so, enter judgment for the taxes without any penalty or costs; if not, enter judgment for the taxes and also for the statutory penalties and costs.