[No. 1536.]

A. MARX, APPELLANT, *v.* I. J. LEWIS, DOING BUSINESS UNDER THE FIRM NAME OF I. J. LEWIS & COMPANY, RESPONDENT.

PRACTICE ON APPEAL—NOTICE AND UNDERTAKING—WAIVER. The provisions of the civil practice act, requiring the giving of a notice and the filing of an undertaking on appeal (Gen. Stats. 3353, 3363), are mandatory, and cannot be waived by stipulation of counsel.

IDEM—DISMISSAL—COUNSEL CANNOT WAIVE UNDERTAKING AND NOTICE. Under section 327 of the civil practice act, which empowers this court to review judgments and orders from which appeals have been taken in the manner prescribed by the act, "*and not otherwise,*" this court cannot consider an appeal when no notice of or undertaking on appeal has been filed, even though counsel, by express stipulation, waive the same.

APPEAL from the District Court of the State of Nevada, Lander county; *A. L. Fitzgerald*, District Judge:

Action by A. Marx against I. J. Lewis, doing business under the name of I. J. Lewis & Company. From an order setting aside a judgment by default, plaintiff appeals. Dismissed.

The facts sufficiently appear in the opinion.

*W. D. Jones*, for Appellant.

*J. B. Egan* and *Preston, Carr & Gillman*, for Respondents.

By the Court, MASSEY, J.:

This appeal is attempted to be taken from an order setting aside a judgment by default. No notice of appeal was ever filed or served, and no undertaking on appeal was ever made and filed. We find a stipulation of the attorneys in the record reciting, among other matters, that notice of appeal and undertaking on appeal in the action are waived. The method of procedure in taking appeals is regulated by statute. Section 327 of the civil practice act, in direct terms, confers authority upon this court to review judgments and orders from which appeals can be taken in the manner prescribed by the act, "and not otherwise."

Section 331 of the same act requires that notice shall be given, and section 341 provides that, in order to *render an appeal effectual for any purpose*, undertaking on appeal shall be executed. (Gen. Stats. 3349, 3353, 3363.)

Under the language used in these sections, we have no power or authority to review any question presented in this record.

The attempt to stipulate a waiver of the notice and undertaking can be of no effect, for the reason that such attempt is doing that which the statute says cannot be done. The language used, " and not otherwise," precludes the intention of conferring authority to review appeals under such stipulations as completely as it would were such intention expressed in direct terms. The same may be said of the language used in section 341, *supra*, requiring the undertaking to "render an appeal effectual for any purpose."

In this connection we desire to repeat the statement made in *Sherman v. Shaw*, 9 Nev. 152, that " it is as unsatisfactory to the court as it is to counsel and litigants to have cases dis-

posed of upon mere questions of practice. But it must be remembered that the rules of practice are as obligatory upon us as upon the parties to a suit; and, if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute and the rules of practice, as established by the court."

The appeal will be dismissed.