[No. 2286]

## JAMES L. SHUTE, RESPONDENT. *v.* BIG MEADOW INVESTMENT COMPANY (A CORPORATION), APPELLANT.

[170 Pac. 1049]

1. APPEAL AND ERROR—UNDERTAKING ON APPEAL.

An undertaking not filed within five days after filing of notice of appeal, as required by Rev. Laws, 5330, 5346 (Civ. Prac. Act, secs. 388, 404), prevents a review of the case, unless such undertaking is actually approved by a majority of the justices of the supreme court before a hearing on a motion by the respondent to dismiss, under Rev. Laws, 5358 (Civ. Prac. Act, sec. 416), providing that no appeal shall be dismissed for insufficiency of the undertaking on appeal if a good and sufficient undertaking approved by a majority of the justices be filed before a hearing upon motion to dismiss the appeal.

APPEAL from Sixth Judicial District Court, Humboldt County; *E. A. Ducker,* Judge.

Action by James L. Shute against the Big Meadow Investment Company. Judgment for the plaintiff, and defendant appeals. **Appeal dismissed.**

*Young & Brown* and *M. B. Moore,* for Appellant.

*R. M. Hardy* and *Callahan & Brandon,* for Respondent.

By the Court, MCCARRAN, C. J.:

This matter comes on at this time on motion to dismiss an attempted appeal from an order of the district court. The movant relies on the provision of the code of civil procedure directing the manner in which an appeal may be perfected to this court. Section 5346, Revised Laws (sec. 404, Civ. Prac. Act), provides:

"To render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars; or that sum shall be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal. Such undertaking shall be filed, or such deposit made with the clerk, within five days after the notice of appeal is filed," etc.

It is admitted in this case that no attempt was made by appellant to comply with the provisions of this statute in that no written undertaking was executed on the part of the appellant, and no deposit was made with the clerk with whom the judgment and order appealed from was entered.    Section 5330, Revised Laws (sec. 388, Civ. Prac. Act), provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similar notice or copy thereof on the adverse party or his attorney.    *    *    *    The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

It is provided by section 5325, Revised Laws (sec. 383, Civ. Prac. Act):

"A judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title, and not otherwise."

The absence of an undertaking on appeal was held to preclude this court from reviewing the case in *Marx* v. *Lewis,* 24 Nev. 306, 53 Pac. 600.    That case was reversed by the case of *Hoffman* v. *Owens,* 31 Nev. 481, 103 Pac. 414, 104 Pac. 242, Ann. Cas. 1912A, 603.    The reversal, however, was only to the extent that litigants might by stipulation waive an appeal bond.    The rule must prevail as laid down in *Marx* v. *Lewis,* and unless such stipulation and waiver of undertaking affirmatively appears, this court cannot take jurisdiction for the purpose of reviewing, unless there be a compliance with the statute. The failure to file such undertaking within the time prescribed renders the notice of appeal nugatory.    This rule was established by the cases of *Peran* v. *Monroe,* 1 Nev. 484, and *Lambert* v. *Moore,* 1 Nev. 345.    It is subject to modification at this time by reason of the effect of

section 5358, Revised Laws (sec. 416, Civ. Prac, Act), and an appeal should not be dismissed if the party appealing brings himself in due time within the provisions of the section last named. It provides as follows:

"No appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon; *provided*, that a good and sufficient undertaking approved by the justices of the supreme court or a majority thereof, be filed in the supreme court before the hearing upon motion to dismiss the appeal; *provided*, that the respondent shall not be delayed, but may move when the cause is regularly called, for the disposition of the same, if such undertaking be not given," etc.

The record in this case discloses an instrument, in the form of an undertaking, filed with the clerk of this court August 20, 1917, more than two and one-half months after the filing of the record on appeal. This instrument has never been approved by this court, nor has it as yet been presented for approval. By the terms of the statute the approval by the court is made indispensable to the efficacy of the undertaking. In its present condition the instrument is without force or effect so far as this appeal is concerned. No undertaking on appeal having been filed, and no deposit made with the clerk of the district court, and no undertaking meeting with the requirements of section 5338 having been filed in this court, it follows under the provision of the statute (sections 5330 and 5346) that the appeal is ineffectual for any purpose.

The motion to dismiss must prevail.

It is so ordered.