[No. 2605. July 20, 1921.]

## MONTOYA v. HUBBELL et al.

### SYLLABUS BY THE COURT.

1. The obligation of the appellant to perform the judgment rendered on appeal results from the judgment itself, and an appeal bond is accordingly valid without his signature, unless the statute expressly requires execution by the appellant.                                    P. 274

2. A cost bond on appeal is valid and effective, even though it was executed by the sureties and approved by the clerk before the appeal was allowed by the court.   P. 274

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Nestor Montoya against Frank A. Hubbell and others. From a judgment for plaintiff, defendants appeal. On motion to dismiss. Motion denied.

Marron & Wood, of Albuquerque, for appellants.

Thomas K. D. Maddison and H. B. Jamison, both of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   Appellee has filed a motion to dismiss the appeal because no cost bond had been filed in compliance with the statute (section 15, chapter 43, Laws 1917).   A cost bond was filed, but its validity is attacked on two grounds: First, because there was more than one appellant, and the bond was signed only by one appellant, who executed the same on his own behalf and other appellants.   The sureties on the bond, however, undertook that the appellants would pay all costs that might be adjudged against them on said appeal, and equally assured the payment of the costs by the appellants not signing the bond as by the appellant who did sign it.

[1]   The statute does not require an appellant to join in the bond.   It requires only that he file a bond with sufficient sureties conditioned to pay the costs.

"The obligation of the appellant to perform the judgment rendered on appeal results from the judgment itself, and an appeal bond is accordingly valid without his signature, unless the statute expressly requires 'execution by' the appellant." 1 Ency. Pl. & Pr. 973.

[2]   The second ground of attack upon the bond is that the record shows it was executed by the sureties two days before the taking of the appeal, and that it was approved by the clerk one day before the appeal was allowed by the court.   The transcript shows that the appeal was allowed on the 21st day of January, 1921, and that thereafter on, "to wit, the 21st day of January, 1921, there was filed in the office of the clerk, etc., a cost bond," which is then set out.

There is no merit in this objection.   It is the filing of the bond with the clerk of the district court that puts it into effect, not the date of its execution, or

approval by the clerk. It must be approved by this official in order to become effective as a cost bond, and while the better practice would be that the clerk should approve it before it is filed, the essential thing is its approval. The bond in the present case having been executed, approved by the clerk, and filed, it is effective and valid, even though its execution and approval may have antedated the order allowing the appeal. 1 Ency. Pl. & Pr. 989; State v. Alta S. M. Co., 24 Nev. 230, 51 Pac. 982; Clarke v. Mohr, 125 Cal. 540, 58 Pac. 176; Debenture v. Warren, 9 Wash. 312, 37 Pac. 451.

The motion to dismiss the appeal will be denied; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.