## TWILEGAR .v. STEVENS (DONOVAN, Intervener)

No. 2704

April 5, 1926. . . 244 P. 986.

### ON MOTION TO DISMISS APPEAL

1. APPEAL AND ERROR—UNDERTAKING FILED MORE THAN FIVE DAYS AFTER NOTICE OF APPEAL HELD NOT WITHIN TIME LIMIT (REV. LAWS, 5330, 5346, 5358).

   Where notice of appeal was filed April 23, undertaking filed on May 5, was not within the five-day limit of Rev. Laws, secs. 5330, 5346; tendering of sufficient bond, in view of section 5358, and showing excusable neglect, on receipt of notice to dismiss and before hearing thereon, not being sufficient.

2. APPEAL AND ERROR. .

   Filing appeal bond, under Rev. Laws, 5330, 5346, is jurisdictional.

See 3 C. J. sec. 1141, p. 1107, n. 57; sec. 1253, p. 1180, n. 80.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Wm. E. Orr,* Judge.

Action by A. J. Twilegar and others against Theron Stevens, trustee, and another. Judgment for plaintiffs, and intervener, James Donovan, appeals. **Appeal dismissed.**

*James G. Pfanstiel* and *John F. Kunz,* for Movants:

Appeal must be taken within six months after rendition of final judgment. Rev. Laws, sec. 5329, as amended 3 Rev. Laws, p. 3340.

Appeal is taken by filing and serving notice within six months from date of final judgment, and filing undertaking within five days after filing notice of appeal. Rev.

Laws, 5330, 5346; Lambert v. Moore, 1 Nev. 345; Peran v. Monroe, 1 Nev. 486; Stafford v. White River Co., 24 Nev. 184.

Sustaining demurrer without leave to amend pleading is final judgment. 23 Cyc. 671; 2 Freeman on Judgments, 1567.

Rev. Laws, 5358 provides for insufficiency, not entire lack of undertaking. Pedroli v. Scott, 44 Nev. 266.

*James Donovan* (Intervener), in pro per.:

To constitute sufficient judgment on demurrer there should be formal adjudication thereon, such as, "It is therefore adjudged that demurrer be overruled" or "sustained." 23 Cyc. 669, n. 16.

Statute does not authorize appeal from mere sustaining or overruling of demurrer. Keyser v. Taylor, 4 Nev. 435.

Action on demurrer can be reviewed only on appeal from final judgment entered in action or special proceeding. Hanke v. McLaughlin, 20 Cal. App. 204; Ashley v. Olmstead, 54 Cal. 516; Hadsall v. Case, 15 Cal. App. 541. In all these cases demurrers were sustained without leave to amend.

Rule in Peran v. Monroe, 1 Nev. 484, is subject to modification. Appeal should not be dismissed if party brings himself within Rev. Laws, 5358. Reese M. Co. v. Rye Patch M. Co., 15 Nev. 341. We therefore ask court to approve new bond tendered herewith and hear case on merits.

## OPINION

By the Court, COLEMAN, C. J.:

1. This case is before the court on respondent's motion to dismiss the appeal. Respondent moves to dismiss upon two grounds, namely, that more than six months elapsed from the date of the rendition of the final judgment and the filing of the notice of appeal and the undertaking before the appeal was taken, and because more than five days elapsed between the filing of the notice of appeal and the filing of the undertaking

on appeal. Since the motion must be sustained upon the latter ground, we do not deem it necessary to consider the former.

Section 5330, Rev. Laws, reads:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similar notice or copy thereof on the adverse party or his attorney. * * * The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

Section 5346, Rev. Laws, reads:

"To render an appeal effectual for any purpose, * * * a written undertaking shall be executed on the part of the appellant * * * to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars; or that sum shall be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal. Such undertaking shall be filed, or such deposit made with the clerk, within five days after the notice of appeal is filed. * * * "

The notice of appeal was filed on April 23, 1925, and the undertaking was filed on May 5, 1925, twelve days later; hence the bond was not filed within the time limit.

Appellant claims, however, that in view of section 5358, Rev. Laws, and the showing of excusable neglect, he should be relieved from the failure to file the undertaking within the five days after the notice of appeal was filed, since he promptly tendered a good and sufficient bond upon the receipt of notice to dismiss, and before the hearing thereon, in compliance, as he contends, with section 5358, which reads:

"No appeal shall be dismissed for insufficiency of the

notice of appeal or undertaking thereon; provided, that a good and sufficient undertaking approved by the justices of the supreme court or a majority thereof, be filed in the supreme court before the hearing upon motion to dismiss the appeal; provided, that the respondent shall not be delayed, but may move when the cause is regularly called, for the disposition of the same, if such undertaking be not given. An appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties and where any defect or irregularity can be cured by amendment, such amendment shall be allowed on proper application upon such terms as the supreme court shall deem just."

In support of his contention appellant says that as soon as the notice of appeal is filed and served this court acquires jurisdiction of the case, and that the filing of the undertaking is not jurisdictional, hence the motion to dismiss should be denied.

2. We think the contention that the filing of the undertaking is not jurisdictional is not well founded. This seems to be settled by the last sentence of section 5330, Rev. Laws, quoted above, which provides that the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or deposit made, or unless the undertaking or deposit be waived. This is an unequivocal requirement. Substantially the same provision is found in section 5346.

The question presented is not a new one. In fact, the law may be said to be settled in this state as to the point made. In Lambert v. Moore, 1 Nev. 347, construing the language mentioned, the court said:

"The language of this section is explicit, and it has been held in California, under the section of their act, from which ours is copied, that if more than five days intervened between the notice and bond or undertaking, the whole proceeding is void, and no appeal is perfected."

In Peran v. Monroe, 1 Nev. 484, where the question was presented, the court said:

"The appeal is taken by filing and serving the notice, and the appeal so taken becomes effectual or complete only by the filing of an undertaking within five days after such notice. The failure to file such undertaking within five days renders the filing of the notice nugatory, but if filed within that time the last act relates back to the first, and the appeal becomes complete."

See, also, Spafford v. White River Valley L. & L. Co., 51 P. 115, 24 Nev. 184; Shute v. Big Meadow Inv. Co., 170 P. 1049, 41 Nev. 361.

It is contended that in view of section 5358, Rev. Laws, we should deny the motion. As quoted above, this section provides that no appeal shall be dismissed for insufficiency of the undertaking on appeal, provided that a good and sufficient one, approved by a majority of the justices of this court, be filed before the hearing on the motion to dismiss. Appellant tendered such an undertaking, which was approved, subject to the disposition of the motion. In opposition to the contention it is said that the statute in question does not authorize the filing of a bond after the expiration of the five days, where none has been filed, but merely the filing of a bond to cure any insufficiency in an undertaking which was filed within the time limit. On the other hand, it is said that we held to the contrary in Shute v. Big Meadow Co., supra.

We do not think the case supports the contention. It appears from the opinion that the question here raised was not considered or determined by the court. While there was in the record an instrument in the form of an undertaking, which was filed 2½ months after the filing of the record on appeal, it also appears that the instrument was not tendered for approval or approved, nor does it appear what would have been done had it been tendered for approval. Nor do we think the statute open to the construction now contended for. It provides that no appeal shall be dismissed for "insufficiency" of the undertaking. There is a wide difference between insufficiency of an undertaking and the total lack of an undertaking. The statute does not say that when there

is a failure to file an undertaking relief may be had in the manner stated. We think the question is disposed of in the case of Ward v. Pittsburg Silver Peak G. M. Co., 153 P. 434, 436, 39 Nev. 80, 101, where we said:

"We are mindful of that section of our Code (Rev. Laws, 5358) which provides ' * * * An appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties and where any defect or irregularity can be cured by an amendment,' etc. The matter with which we are confronted in the case at bar is one of jurisdiction. As has been stated by this court in numerous decisions, the right of appeal is one regulated by statute; and, where there is a failure on the part of the appellant to at least substantially comply with the provisions of the statute, this court can do naught else than dismiss the matter."

The court acquired no jurisdiction over the subject matter as a result of the motion to dismiss.

It is ordered that the appeal be dismissed.