## JASPER *v.* JEWKES

### No. 2763

April 5, 1927.                    254 P. 698.

#### ON MOTION TO DISMISS

1. APPEAL AND ERROR — STATUTORY REQUIREMENTS CANNOT BE WAIVED.

   Requirement of civil practice act, sec. 388 (Rev. Laws, 5330), that undertaking on appeal from a judgment and from an order denying a motion for new trial must be filed within five days after service of the notice of appeal, is jurisdictional, and cannot be waived by written stipulation between the parties.

2. APPEAL AND ERROR—STATUTORY REQUIREMENTS CANNOT BE WAIVED.

   Provision of civil practice act, sec. 383 (Rev. Laws, 5325), that judgment may be reviewed "as prescribed by this title, and not otherwise," expressly prohibits waiver of any statutory requirements for taking and perfecting an appeal not provided for.

3. COURTS—CONSENT CANNOT CONFER JURISDICTION.

   The supreme court is committed to the principle that consent of the parties cannot confer jurisdiction.

#### C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 3, p. 300, n. 19; sec. 125, p. 369, n. 30; sec. 1253, p. 1180, n. 80; sec. 1278, p. 1119, n. 38.

Courts—15 C. J. sec. 101, p. 804, n. 7.

APPEAL from Fourth Judicial District Court, Elko County; *J. M. McNamara,* Judge.

Action by Katherine Jasper and another against Floyd Jewkes and others. Judgment was entered against the defendants, and a motion for new trial was overruled. The defendants filed and served notice of appeal, and seven days thereafter filed an undertaking on appeal and a bill of exceptions. Plaintiffs moved to dismiss the appeal. **Appeal dismissed.**

*H. U. Castle,* for Movants:

Mere consent of parties cannot give jurisdiction. Paul v. Armstrong, 1 Nev. 82. Also, 2 Nev. 93, 96; 15 C. J. 806; 11 Nev. 187; 30 Nev. 342; 3 C. J. 369, 1074, 1075.

Courts are bound to take notice of limits of their

authority and may recognize want of it of their own motion. 15 C. J. 852; 30 Nev. 243; 59 Atl. 601; 80 Ky. 620; 224 P. 1073; 134 NE. 407.

Filing of appeal bond is jurisdictional. Courts acquire no jurisdiction as result of motion to dismiss. Twilegar v. Stevens, 49 Nev. 273; Shute v. Big Meadows, 41 Nev. 361.

Bill of exceptions has been substituted for statement of appeal. Gill v. Goldfield Con., 43 Nev. 1; 45 Nev. 247; Joudas v. Squire, 50 Nev. 42.

There can be no appeal except as provided by statute. Johns-Manville v. Lander Co., 48 Nev. 244.

If not taken within sixty days, appeal from denial of new trial must be dismissed. Kingsbury v. Copren, 47 Nev. 466; Stats. 1923, 163.

Under Stats. 1913, c. 91, appeal from both final judgment and denial of new trial, taken after sixty days but before six months, is too late. Mellan v. Messenger, 48 Nev. 235.

Transcript shall be filed within thirty days after appeal is perfected and statement settled. Rule II; Rev. Laws, 4942; Bottani v. Mongolo, 45 Nev. 245.

*Morley Griswold* and *Milton J. Reinhart,* for Appellants:

Courts look with disfavor upon dismissal of appeal without trial upon merits. Western E. & C. Co. v. Amusement Co., 31 Nev. 237.

Dismissed appeal will be restored upon good showing and notice. Rule II.

Appeal dismissed without notice should be reinstated; hence it should not be dismissed if delay was caused solely by court officer. 4 C. J. 477; 31 Nev. 237; 10 Nev. 41.

Appeal cannot be transmitted until perfected. Clerk's certificate is necessary part. He cannot certify to unsigned minutes. 23 Nev. 235; 39 Nev. 310; cases under rule II; 4 C. J. 477; 76 P. 1114; 133 P. 910; 44 Atl. 170; 31 P. 319, 797; 24 P. 1060.

### ⚬ OPINION

By the Court, DUCKER, J.:

This is a motion to dismiss the appeal. The motion is made upon the following grounds, to wit: First, that the transcript of the record on appeal was not filed within 30 days after the appeal had been perfected; second, that the undertaking on appeal was not filed within five days after the service and filing of the notice of appeal; and, third, that the notice of appeal was not filed within 60 days after the order denying appellants' motion for a new trial. As the motion must be granted on the second ground, it will not be necessary to discuss either of the other grounds assigned.

It appears that judgment was regularly entered and recorded on April 8, 1926, following a verdict by the jury. Appellant moved for a new trial, which, on July 16, 1926, was denied by the court. On September 23, 1926, a stipulation made by the attorneys for the parties was filed, wherein appellants were given to and including the 23d day of September, 1926, in which to file notice of appeal, and to and including the 30th day of September, 1926, in which to file bill of exceptions, bond on appeal, bond to stay execution, and in which to perfect appeal.

Notice of appeal from the judgment and order denying the motion for a new trial was filed and served on said September 23, 1926. Thereafter, and on September 30, 1926, appellant filed an undertaking on appeal and a bill of exceptions. They insist that their appeal was thus perfected in due time.

Section 388 of the civil practice act (Rev. Laws, 5330) provides how an appeal may be taken and perfected. It reads:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similar notice or copy thereof on the

adverse party or his attorney. When the appeal is from the judgment and from an order denying a motion for a new trial, one notice of appeal so specifying shall be sufficient. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

1. As will be observed, the statute requiring the undertaking to be filed within five days after service of the notice of appeal was not complied with. The undertaking was filed seven days after such service. Counsel for appellant concedes this, but relies upon stipulation which gave him until September 30, 1926, in which to file the undertaking, on which last-mentioned date it was filed. Respondent now contends that the filing of the undertaking within the time required by said section is a jurisdictional requirement, and one which could not be waived by stipulation. It was held to be jurisdictional in a recent case decided by this court. Twilegar v. Stevens, 49 Nev. 273, 244 P. 896. Being jurisdictional, can the requirement be waived, as counsel for appellant contends was done by the stipulation? We think not. The giving of any undertaking at all may be waived by the adverse party in writing, for such is the express provision of the statute. The statute having provided for a waiver of one of the steps essential to perfect an appeal, the plain implication is that as to all others no waiver was contemplated. However, section 383 of the civil practice act (Rev. Laws, 5325) provides, that:

"A judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title, and not otherwise."

2. The language "and not otherwise" amounts, in our opinion, to an express prohibition of the waiver of any statutory requirements for taking and perfecting an appeal not provided for.

3. Besides, this court is committed to the principle

quite generally recognized that consent of the parties cannot confer jurisdiction. Paul v. Armstrong, 1 Nev. 82; Phillips v. Welch, 11 Nev. 187; Maitia v. Allied Land & Live Stock Co. et al., 49 Nev. 451, 248 P. 893.

It is ordered that the appeal be dismissed.