LIPPERT *v.* LIPPERT

No. 2863

May 6, 1929.                                      277 P. 1.

OPINION

By the Court, COLEMAN, J.:

This case is before the court on plaintiff's motion to dismiss the appeals. The defendant gave notice of

appeal from the final judgment and also from an order refusing to stay such judgment.

The defendant filed and served notice of appeal from the final judgment on June 28, 1928. The defendant at no time filed an undertaking nor made a deposit in cash in lieu of an undertaking, nor was an undertaking waived in writing by the plaintiff. On February 20, 1929, the defendant filed an undertaking on appeal.

The notice of appeal from the order refusing a stay of judgment was filed and served July 10, 1928. No undertaking was filed until February 20, 1929. No deposit in lieu of undertaking was ever made, nor was there a written notice of waiver of undertaking.

Section 5330, Rev. Laws, provides that an appeal is ineffectual for any purpose unless within five days after the service of a notice of appeal an undertaking be filed, a deposit of money be made with the clerk, or the undertaking be waived by the adverse party in writing.

The motion to dismiss the two appeals is based upon the fact that no undertaking was filed within the time prescribed by law; that no deposit was made in lieu of an undertaking, and there was no waiver in writing of an undertaking.

Counsel for defendant takes the position that plaintiff waived the statutory requirement as to undertaking by not sooner moving to dismiss. There is nothing to this contention.

In this situation we have no option in the matter. This court has failed to acquire jurisdiction of the appeal; hence it must be dismissed. Jasper v. Jewkes, 50 Nev. 153, 254 P. 698.

It is so ordered.