KREHMKE ET AL. *v.* ARMSTRONG ET AL.

No. 2843

September 16, 1929.                              280 P. 321.

*Talmage L. Smith* and *E. W. Cheney,* for Appellants.

*Brown & Belford* and *Hawkins, Mayotte & Hawkins,* for Respondents.

## OPINION

By the Court, DUCKER, C. J.:

This case is before us on motion to strike certain papers from the volume entitled "Transcript of Appeal," and to dismiss the appeal, both from the judgment and order denying the motion for a new trial. The motion to dismiss is laid on several grounds, but as the ground that no undertaking on appeal was filed calls for a dismissal of the appeal from both order and judgment, we will not discuss the other grounds or the motion to strike.

■ Unless an undertaking on appeal has been duly waived, or a deposit made in lieu thereof, in accordance with section 412 of the civil practice act (Rev. Laws, sec. 5354), the filing of an undertaking or a delivery of it to the clerk for filing within the five days required by statute is an essential step in perfecting an appeal. Peran v. Monroe, 1 Nev. 484; Johnson et al. v. Badger M. & M. Co., 12 Nev. 261; Reese Gold & Silver Min. Co. v. Rye Patch M. Co., 15 Nev. 341; Twilegar v. Stevens, 49 Nev. 273, 244 P. 896; Jasper v. Jewkes, 50 Nev. 153, 254 P. 698.

■ An undertaking on appeal is not executed until it is delivered to the clerk for filing. State v. Alta S. M. Co., 24 Nev. 230, 51 P. 982.

■ An undertaking on appeal, approved by the district judge, is contained in the transcript; but it does

not appear to have been filed in the district court within the five days required by statute, or at all. It bears no file marks, and there is no showing that it was ever presented to the clerk for filing. We must hold, therefore, that the appeal was never perfected, and must be dismissed.

It is so ordered.