Roush *v.* Van Hagen.

## ROUSH *v.* VAN HAGEN.

WHERE the respondent gave notice, April 20th, excepting to the sufficiency of the sureties on an undertaking on appeal, and appellant then gave notice that the sureties would justify on the twenty-fifth of the same month, and orders were afterwards made extending the time of justification to May 1st: *Held,* that the failure of the sureties to justify within five days after notice of exception to their sufficiency rendered the appeal a nullity ; that the statute upon this subject is peremptory ; and that the Court had no power to extend the time.

APPEAL from the Fourteenth District.    Motion to dismiss appeal.

To the facts stated by the Court add, that on the twenty-fifth of April, 1860, the day set for the justification of the sureties, an order was made by the Court below—on an affidavit that the County Judge of Sacramento, before whom the justification was to be taken, was expected to be absent on the day set—fixing April 30th, 1860, for justification before the same judge.    On the thirtieth of April, the County Judge of Sacramento, being officially engaged, and no one appearing for plaintiff, continued the examination of the sureties to May 1st, 1860, at which time they justified.

*McConnell & Garber and John Anderson,* for the motion, cited Pr. Act. secs. 348, 355 ; *Elliott* v. *Chapman,* 15 Cal. 383 ; *Shaw* v. *Randall,* Id. 384 ; 10 Id. 480 ; Pr. Act, sec. 195 ; *Valentine* v. *Stewart,* 15 Cal. 387 ; *Stark* v. *Barrett,* Id. 361 ; *Potter* v. *Baker,* 4 Paige, 290 ; *Clinton* v. *Phillips,* 7 Monroe, 117 ; *Ford*

9

Roush v. Van Hagen.

v. *Commonwealth*, 3 Dana, 46 ; *Rogers* v. *Patterson*, 4 Paige, 454 ; *Renouil* v. *Harris*, 2 Sandf. 645 ; 8 Paige, 196.

J. I. *Caldwell* and J. H. *Gass*, contra, cited Pr. Act, secs. 68, 340 ; *Bradley* v. *Hall*, 1 Cal. 189.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

A motion is made in this case to dismiss the appeal. The notice of appeal was filed on the eighteenth of April, 1860. An undertaking was filed on the same day ; and on the twentieth of April, a notice was served, excepting to the sufficiency of the sureties. A notice was thereupon given, that on the twenty-fifth of the same month the sureties would justify before the County Judge of Sacramento county. Certain orders were afterwards made, extending the time of justification to the first of May.

It was necessary that the sureties should justify within five days after the notice of exception, and the failure to do so, rendered the appeal a nullity. The statute provides, that upon a failure to justify within the time limited, the appeal shall be regarded as if no undertaking had been given. The orders extending the time were in contravention of this provision, and were, therefore, inoperative. The statute is peremptory in its terms, and the consequence of a violation is, that the party loses the benefit of his appeal. " It has been repeatedly held," says Sedgwick, " that Courts have no dispensing power, even in matters of practice, when the Legislature has spoken. Thus, where a statute declares that a Judge at chambers may direct a new trial, if application be made within ten days after judgment, it has been said that he can no more enlarge the time than he can legislate in any other matter. When a statute fixes the time within which an act must be done, the Courts have no power to enlarge it, although it relates to a mere question of practice. So where an appeal, to be valid, must be made within ten days, it is void if taken on the eleventh." (Sedg. on Con. 322.)

It follows, that the motion to dismiss must be granted ; but the appellant is not precluded from the right to prosecute another appeal.

Appeal dismissed.