[No. 2198]

THOMAS YOWELL, PETITIONER, *v.* THE DISTRICT
COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF ELKO, AND E. J. L. TABER,
JUDGE OF SAID DISTRICT COURT, RESPONDENTS.

[159 Pac. 632]

1. CERTIORARI—GROUNDS—WANT OF JURISDICTION—COURTS.
   *Certiorari* will lie to review the erroneous assumption of
   jurisdiction by a district court, where a statutory step was
   omitted upon appealing to it from a justice court.

2. JUSTICES OF THE PEACE—APPEAL—JUSTIFICATION OF SURETIES—
   STATUTE.
   Under Rev. Laws, 5792, providing that an appeal from a
   justice to a district court will be regarded as if no undertaking
   was given, unless the sureties, when challenged, justify after
   notice, etc., *held* that their justification in the prescribed man-
   ner is essential to the district court's jurisdiction, where their
   sufficiency was properly challenged.

3. JUSTICES OF THE PEACE—APPEAL—JUSTIFICATION OF SURETIES—
   STATUTE.
   Where the sureties' sufficiency is not excepted to within five
   days, as required by Rev. Laws, 5792, the district court acquires
   jurisdiction, notwithstanding that two days later appellant
   admits due service of such exceptions before the justice has
   certified the case.

ORIGINAL PROCEEDING.    Application for *certiorari* by
Thomas Yowell against the District Court of the Fourth
Judicial District, in and for the County of Elko, and E. J.
L. Taber, Judge of said District Court, to review an order
denying petitioner's motion to dismiss an appeal from a
justice court.    **Order sustained.**

*Milton B. Badt,* for Petitioner:

This court should order the appeal dismissed, with the petitioner's costs herein incurred. The Fourth judicial district court never acquired jurisdiction of the cause or of the appeal, and erred in denying petitioner's motion to dismiss and in setting the case for trial *de novo.*

Notice of exception to sureties in the justice court was filed in due time, and due service of the notice was admitted. (Rev. Laws, 5793.) Such an admission constitutes an acknowledgment that service was made in the proper time and in the proper manner, and is conclusive. (14 Cyc. 1119; 32 Cyc. 450; *Woolsey* v. *Abbett,* 48 Atl. 949, 950; *Vail* v. *Penn. Fire Ins. Co.,* 50 Atl. 671, 672, 67 N. J. Law, 66; *Wood* v. *Johnston,* 96 Pac. 508; *Harmon* v. *Van Ness,* 67 N. Y. Supp. 563; *Fraser* v. *Ryan,* 4 Rich. 460; *Struver* v. *Ocean Insurance Co.,* 9 Abb. Prac. 23.)

The sureties having failed to justify upon notice, after service of the notice of exception, the appeal must be regarded as if no such undertaking had been given. No undertaking having been given, as provided by law, the appeal was ineffectual for any purpose. (Rev. Laws, 5792; *Wood* v. *Superior Court,* 67 Cal. 115, 7 Pac. 200; *McCracken* v. *Superior Court,* 86 Cal. 74, 24 Pac. 845; *State* v. *Napton,* 62 Pac. 686, 688; *Lane* v. *Superior Court,* 91 Pac. 405, 406; *Moffat* v. *Greenwalt,* 90 Cal. 368, 27 Pac. 296; *Ross* v. *Markham,* 5 Civ. Proc. R. 81.)

Justification of the sureties without notice to respondent has no further effect than if the sureties had not justified. (*Wood* v. *Superior Court, supra; Harting* v. *Superior Court,* 10 Pac. 514; *Barber* v. *Johnson,* 57 N. W. 225; *McDonald* v. *Paris,* 68 N. W. 739.)

The writ of *certiorari* will be granted to review orders which are not final. (*Carpenter* v. *Superior Court,* 19 Pac. 174; *McCracken* v. *Superior Court, supra; State* v. *District Court,* 145 Pac. 724; *State* v. *Superior Court,* 154 Pac. 603; *Thomas* v. *Hawkins,* 107 Pac. 578; *Baker* v. *Superior Court,* 71 Cal. 583, 12 Pac. 685; *Gibson* v. *Superior Court,* 83 Cal. 643, 24 Pac. 152; *Territory* v. *Doan,* 60 Pac. 895.)

*C. B. Henderson* and *Carey Van Fleet*, for Respondent:

The writ of *certiorari* should not be granted. According to the more modern practice, where the inferior tribunal possesses jurisdiction to hear and determine the cause, the writ will not issue until the proceeding has terminated, and then only if it appears that the tribunal has entered an illegal judgment or order. (5 R. C. L. p. 254, sec. 5; *Glennon* v. *Burton*, 33 N. W. 23; *People* v. *County Judge*, 40 Cal. 479; *In Re Gould*, 54 Pac. 273; *Schwarz* v. *County Court*, 23 Pac. 84; *Page* v. *Commercial National Bank*, 112 Pac. 820; *Wilson* v. *Board*, 40 Am. St. Rep. 30; *Walcott* v. *Wells*, 21 Nev. 52; *Sayers* v. *Superior Court*, 84 Cal. 642, 24 Pac. 296; *Postal T.- C. Co.* v. *Superior Court*, 136 Pac. 541; *Beckwith* v. *Superior Court*, 80 Pac. 718; *Town of Santa Monica* v. *Eckert*, 33 Pac. 881.)

The writ of *certiorari* is not the proper remedy. The proper remedy is a writ of prohibition. The province of the writ of *certiorari* is to review and annul, not to restrain. (*Crow Launch and Tugboat Co.* v. *Superior Court*, 101 Pac. 935: *Floyd* v. *District Court*, 36 Nev. 349; *Golden Gate Tile Co.* v. *Superior Court*, 114 Pac. 978; *Edwards* v. *Superior Court*, 115 Pac. 649.)

Under the record certified to the supreme court, as far as appears from the facts thereof, the sureties on the undertaking on appeal justified before the justice of the peace on notice, and all presumptions are indulged in favor of the order in the district court refusing to dismiss the appeal. All that the record shows is that the motion to dismiss the appeal was made and denied by the court. There is nothing in the record to overcome these presumptions. (*Linville* v. *Scheeline*, 30 Nev. 111; *Bergevin* v. *Wood*, 105 Pac. 937; *Borchard* v. *Board*, 77 Pac. 708.)

Any fact necessary to support the order is presumed to have been proven, in the absence of an affirmative showing to the contrary. (*Quinn* v. *Quinn*, 27 Nev. 175; *Gilbert* v. *Shaver*, 120 S. W. 833.)

Petitioner waived all right to except to the sureties on the undertaking on appeal by failing to except to the same within the five days prescribed by statute. (Rev.

Laws, 5792; *Linville* v. *Scheeline, supra; State* v. *District Court*, 26 Nev. 258.)

By admitting due service of exception to the sureties, respondent did not waive petitioner's waiver of his right to except within the time prescribed by law. By an admission of due service, a party waives only defects in the service itself, and does not waive substantial rights in regard to the time of service.

The requirement that an exception must be taken within five days is jurisdictional; unless complied with, the justice would have no right to justify the same or other sureties. (*Judson* v. *Bulen*, 50 N. W. 484.)

By the Court, McCARRAN, J.:

This is a proceeding in *certiorari*. Petitioner herein obtained a judgment in the justice court of Metropolis township, in Elko County, for the sum of $100, together with costs in the sum of $31 and attorney's fees. A notice of appeal was filed in the justice court by the defendant in the action, the party against whom the judgment was rendered, and an undertaking on appeal, with two sureties, was filed. Petitioner filed and served a notice of exception to the sufficiency of the sureties on the appeal bond. It appears from the record that the sureties on said appeal bond filed in the justice court an instrument over their signatures, entitled "Certification of Justification of Sureties." This, however, was filed without notice to petitioner, who had excepted to the sufficiency of the sureties. No further proceedings appear to have been had in the justice court on petitioner's notice of exception to the sufficiency of the sureties, and the record was certified to the district court. The matter coming up in the district court, petitioner moved to dismiss upon the ground that the court had no jurisdiction, for the reason that, the sureties upon the appeal bond having failed to justify upon notice, the appeal from the justice court had not been perfected. The motion to dismiss the appeal having been overruled, the writ of *certiorari* is invoked to review the action of the lower court in this respect.

**1.** The respondents herein contend that *certiorari* will not lie to review the action of the trial court in this proceeding, for the reason that the question passed upon by the district court was one in which that court might properly exercise jurisdiction; and, having passed upon the same, its action in that respect is not reviewable.

In the case of *Floyd and Guthrie* v. *Sixth Judicial District Court,* 36 Nev. 349, 135 Pac. 922, we had occasion to review this question, as it might be affected by a writ of *mandamus.* In that case we held that where an inferior court erroneously refuses to entertain jurisdiction on a matter preliminary to a hearing on the merits, it may be required to proceed by *mandamus.* We think the reasoning set forth there may apply with equal force where *certiorari* is relied upon to review the action of an inferior court in erroneously assuming jurisdiction. If *mandamus* is the proper remedy to require an inferior tribunal to proceed where it has erroneously divested itself of jurisdiction, manifestly *certiorari* is the proper remedy to review the action of an inferior tribunal, where it has erroneously assumed jurisdiction.

The vital question here is: Did the district court entertain a matter of which it had no jurisdiction?

It was said by this court in the case of *Andrews* v. *Cook,* 28 Nev. 270, 81 Pac. 304:

"When an appeal is regularly taken, the court not only has jurisdiction to try the cause upon its merits, but it has entire and complete jurisdiction of the cause for any and all purposes."

But where the appeal is not regularly taken, as where some statutory step in the proceedings has been omitted in the court of first instance, then the converse of the rule asserted in *Andrews* v. *Cook, supra,* is true, and if the district court assumes jurisdiction, its act in that respect is, in our judgment, in excess of jurisdiction, and hence reviewable on *certiorari.*

**2.** A very thorough and comprehensive analysis of the question at bar is presented in the case of *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167. In that case the Supreme Court of Utah was dealing with the identical question

presented here, and the statute of the State of Utah is similar to ours. The court there passed upon the propriety of the writ of *certiorari* to review the action of the district court in matters of this kind. In this respect the court said:

"If the court should proceed to the trial of an appeal case where no appeal had been taken as required by law, the court would exceed its jurisdiction or power in doing so, and its act in doing so, being in excess of jurisdiction, would be reviewable on a writ of *certiorari,* upon the ground that the court presumes to act where the law withholds the right to do so."

The question here is: Did the district court erroneously invest itself with jurisdiction where, by reason of some omission of a prescribed statutory requisite, an appeal had not been perfected?

The provision of our code (section 5792, Revised Laws), having to do with the filing of an undertaking on appeal from the justice court to the district court, among other things prescribes:

" * * * The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

The record in the proceeding before us discloses that, whatever attempt was made by the sureties to justify on the undertaking after exception had been filed by petitioner to the sufficiency thereof, no notice was given to or served upon petitioner.

So far as we are able to ascertain, this particular question has never been passed upon by this court. A similar statutory provision is contained in the civil practice act of other states, and the courts therein have had occasion to pass upon the identical question presented here. In the case of *Townsend Wood et al.* v. *Superior Court of*

*Monterey County,* 67 Cal. 115, 7 Pac. 200, the Supreme Court of California had presented in *certiorari* proceedings a question identical to the one at bar.   Section 978 of the code of civil procedure of California contains a provision identical to that found in our civil practice act, section 850 (section 5792, Revised Laws).   The court there held that, under such a provision, the statute was peremptory.   The court said:

"Without the justification of the sureties named in the undertaking, or other sureties in their stead, upon notice to the adverse party, the appeal was not perfected, and the superior court has no jurisdiction of the case."

The expression of the Supreme Court of California in the Wood case, *supra,* was again emphasized in the case of *McCracken* v. *Superior Court,* 86 Cal. 76, 24 Pac. 845. In the last-named case the court, quoting approvingly from its decision in the case of *Coker* v. *Superior Court,* 58 Cal. 178, held that the provisions of the statute relative to the filing of notice of appeal and the perfecting of an undertaking on appeal from a justice court to the superior court were jurisdictional prerequisites, and "until all the prerequisites are completed, the appeal is not effectual for any purpose."

The district court in the matter at bar was limited in its jurisdiction to a dismissal of the appeal upon motion of petitioner.   Its power to act otherwise in the proceedings had been terminated by the failure on the part of the appellant to comply with the statutory provisions in the justice court. (*Moffat* v. *Greenwalt,* 90 Cal. 368, 27 Pac. 296.)

In the case of *Hoffman* v. *Lewis, supra,* the court, after referring to the provisions of the statute, held that, without an undertaking as provided for in the act, there is no appeal, and a failure to have the sureties justify within the time prescribed in the statute after an exception had been filed to their sufficiency nullifies the undertaking given, and leaves the whole matter as though no undertaking had ever been made or filed.

In the case of *Bennett* v. *Superior Court of San Diego*

*County*, 113 Cal. 440, 45 Pac. 808, the Supreme Court of California, in a proceeding in *certiorari*, reviewing the action of the superior court in a matter quite analagous to that at bar, wherein, after an objection had been filed to the sufficiency of the sureties to an undertaking, only one of the sureties appeared to justify, held that the appeal must fail as lacking the essential requisite of a valid undertaking; and, the superior court having assumed jurisdiction, its action in this respect should be annulled.

3. The case at bar presents a condition not found in either of the authorities cited. The record discloses that prior to the filing of the petitioner's exception to the sufficiency of sureties, and seven days after the bond had been filed, the attorneys for respondent were served with the exception to the sufficiency of the sureties; and the instrument sets forth as follows:

"Due service of the within notice and receipt of a copy thereof are hereby acknowledged this 2d day of February, 1915.          [Signed]     Henderson & Caine,
                    "J. L. Darrt,
                         "Attorneys for Defendant."

It is contended by petitioner that this admission of "due service" was in effect a waiver of any objection as to time. The time in which for the petitioner to except to the sufficiency of the sureties expired two days prior to the date set forth in the admission of service hereinabove quoted. The filing of the notice of appeal in the justice court by the respondents and the filing of the undertaking on appeal perfected the appeal in so far as the justice court was concerned. True, the justice court retained jurisdiction of the matter until the expiration of the time set forth by the statute in which for petitioner to except to the sufficiency of the sureties on the undertaking on appeal. When that time had expired, the appeal had been perfected; and it devolved upon the justice of the peace to certify the proceedings to the district court at once. The fact that the justice of the peace might have deferred action in certifying the proceedings to the district

court would not, in our judgment, afford opportunity for the parties in the action to proceed to do something for the doing of which the time prescribed by statute had expired.

Let us assume that immediately upon the expiration of the time in which for petitioner to have filed his exception to the sureties, and without further delay, the justice of the peace had, in compliance with the statute, certified the proceedings to the district court.  Under such condition could it be seriously contended that an acknowledgment of service such as that found in the record here would afford any relief to the party filing the instrument, or would confer any authority upon the justice of the peace to proceed further in the matter after the proceedings had been by him certified to the higher court? We think not.  We deem it unnecessary to dwell at length upon the proposition as asserted by petitioner that the term "due service," as used in the admission of service signed by the attorneys for respondent, constituted a waiver as to the time within which the objection should have been filed.  The time within which for the petitioner to except to the sufficiency of the sureties had expired; the jurisdiction of the justice court, in so far as it might affect the proceedings other than to certify the same to the district court, had terminated; petitioner was too late with his exception to the sufficiency of the sureties, nor would any admission of "due service" of an instrument, purporting to be an exception to the sufficiency of the sureties, relieve petitioner of his tardiness.

We might have disposed of the case by a mere consideration of this particular phase as it is presented by the record, but we deem the case of sufficient importance to dwell on other phases of the case; hence our consideration and interpretation of the statute, particularly section 5792, Revised Laws.

The order of the district court in denying the motion to dismiss the appeal will be sustained.

It is so ordered.