M. J. HOUGH, APPELLANT, *v.* ROBERTS MINING AND MILLING COMPANY, A CORPORATION, RESPONDENT.

No. 3165

February 2, 1938.                    75 P.(2d) 731.

*James T. Boyd,* for Appellant:

*Hawkins, Mayotte & Hawkins,* for Respondent:

## OPINION

By the Court, TABER, J.:

Appellant is plaintiff, respondent defendant, in the court below. Respondent has moved this court for an order dismissing plaintiff's appeal from an order granting a motion for new trial; also for an order striking from the records and files in this court the bill of exceptions on appeal from order granting motion for new trial. When said motions were called up, appellant moved the court for an order granting permission to him to file as part of the record on appeal, a certified copy of the original undertaking on appeal filed in the district court on January 10, 1936, and a certified copy of the notice of exceptions to the purported undertaking on appeal and to the sufficiency of sureties, filed in said district court on January 15, 1936. All of said motions were heard and submitted together.

It is conceded by appellant that if his motion should be denied, the appeal would have to be dismissed. In the view we take of this case, the appeal must be dismissed regardless of whether appellant's motion be granted or denied. In the following discussion we shall proceed as if appellant's motion had been granted.

Plaintiff recovered a money judgment against defendant in the Third judicial district court, Eureka County. Defendant moved for a new trial, which was granted November 18, 1935. Notice of appeal was served by plaintiff January 8, 1936, and filed January 10, 1936. Undertaking on appeal, with two individuals as sureties, was filed January 10, 1936. Notice of exceptions to the sufficiency of said sureties was served January 14, 1936, and filed January 15, 1936. On January 17, 1936, a new undertaking on appeal was filed, with the American Surety Company of New York as surety. Accompanying this new undertaking was the certificate of the secretary of state pursuant to section 7629 N. C. L. 1929, certifying that said surety company was

fully qualified under the laws of Nevada, for the year 1936, to assume risks and become surety on all bonds and undertakings mentioned in section 1 of that certain act of the legislature of the State of Nevada entitled "An Act to facilitate the giving of bonds and undertakings," approved March 26, 1909, as amended, section 7627 N. C. L. 1929. No notice was given to defendant that said surety company undertaking was going to be filed, nor did the surety company justify as required in section 7630 N. C. L. 1929, hereinafter referred to, or at all.

Section 24 of the new trials and appeals act of 1935, Statutes of Nevada 1935, c. 90, at page 201, provides, in part, as follows: "The adverse party may, however, except to the sufficiency of the sureties within five days after the filing of the undertaking, and, unless they or other sureties justify before the judge of the court below, or clerk, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal shall be regarded as if no such undertaking had been given."

Section 5 of "An Act to facilitate the giving of bonds and undertakings in certain cases and prescribing conditions upon which surety companies may become liable thereon in this state; fixing penalties for the violation thereof, repealing conflicting acts, and other matters relating thereto." Statutes of Nevada 1909, p. 315, section 7630 N. C. L. 1929, provides, in part, as follows: "The certificate or any duplicate certificate issued by the secretary of state in accordance with the provisions of this act shall be prima facie evidence in all the courts of this state of all matters herein stated; provided, such certificate shall not have expired. Any printed copy of a circular issued by the treasury department of the United States known as form No. 356, stating the amount of the capital and surplus of any such surety company, and not more than six months old as appears from the date of issuance thereof, shall be prima facie

evidence of the amount of such capital and surplus and of the amount to which such company is entitled to be received as sole surety on any bond in this state, and shall, if accompanied with the certificate of the secretary of state herein mentioned, be a complete justification for any amount not exceeding ten per centum of such capital and surplus, whenever any such company shall be required to justify on any bond or undertaking; provided, that the party requiring such justification may produce competent evidence to show that such surety company is not worth such sum over and above all its just debts and liabilities exclusive of property exempt from execution."

██ ██ Inasmuch as the personal sureties on the first undertaking on appeal did not justify in response to defendant's exceptions to their sufficiency, it is plain the surety on the second undertaking was required to justify, after notice to defendant. As no notice was given defendant, and as the surety company did not justify, this court has no alternative but to follow the express provision of the statute and regard the appeal as if no undertaking was given. Yowell v. District Court, 39 Nev. 423, 159 P. 632; Wood v. Superior Court, 67 Cal. 115, 7 P. 200. Though the surety company was not required to justify under the provisions of section 9032 N. C. L. 1929, which refers to the justification of individual sureties, it was, nonetheless, required to justify, and said section 7630 N. C. L. 1929, provides a method for such justification. Konig v. Nevada-Cal.-Oregon Ry., 36 Nev. 181, at pages 197, 198, 135 P. 141.

The Yowell and Wood cases, above cited, involved appeals from justices' courts, but, owing to the similarity of the statutes construed in those cases to the corresponding portion of said section 24 of the new trials and appeals act of 1935, said cases have been cited as authority for the proposition that no jurisdiction is conferred upon the appellate court when the

first sureties or other sureties fail to justify when required by such statutes so to do. But, as the instant case involves an appeal from the district court to the supreme court, appellant contends that if the filing of the surety company undertaking on appeal did not substantially comply with the aforesaid provisions of said section 24, said failure was not fatal because of the curative provisions in section 27 of said 1935 new trials and appeals act, Statutes of Nevada 1935, p. 202. Said section 27 contains three curative provisions: (1) No appeal shall be dismissed by the supreme court for any defect or informality in the appellant proceedings until the appellant has been given an opportunity, upon such terms as may be just and within a reasonable time to be fixed by the court, to amend or correct such defect, and shall within such time have failed to comply with any terms imposed and correct the defect. (2) No appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon; provided, that a good and sufficient undertaking approved by the justices of the supreme court, or a majority thereof, be filed in the supreme court before the hearing upon motion to dismiss the appeal. (3) An appeal shall not be dismissed for any irregularity not affecting the jurisdiction of the court to hear and determine the appeal or affecting the substantial rights of the parties, and where any defect or irregularity can be cured by amendment, such amendment shall be allowed on proper application upon such terms as the supreme court shall deem just.

■ Appellant relies chiefly upon the first of these curative provisions, but the failure of the surety company to justify after notice to defendant was not merely a defect or informality in appellate procedure; it was a failure to comply with a jurisdictional requirement of the statute. As was said with reference to the failure to serve a copy of notice of appeal in Johns-Manville, Inc. v. Lander County, 48 Nev. 244, at page 252, 229 P.

387, 234 P. 518, 520, "It was a total failure to comply with a jurisdictional requirement of the statute. There is a wide difference between rectifying a defect or informality and the performing of an act which was not done at all, especially when that act is jurisdictional as is the service of a copy of a notice of appeal."

■ The second curative provision of said section 27 is clearly inapplicable because, in the instant case, even if the aforesaid failure should be considered as an insufficiency of the undertaking, no undertaking approved by the justices of this court or a majority thereof was filed herein before the hearing upon motion to dismiss the appeal. See Duncan v. Times-Mirror Co., 109 Cal. 602, 42 P. 147.

■ The third curative provision is inapplicable because, as was said in Ward v. Pittsburg Silver Peak Gold Mining Co., 39 Nev. 80, at page 101, 148 P. 345, 153 P. 434, 436, 154 P. 74, where there was no bill of exceptions or statement on appeal, "The matter with which we are confronted in the case at bar is one of jurisdiction. As has been stated by this court in numerous decisions, the right of appeal is one regulated by statute; and, where there is a failure on the part of the appellant to at least substantially comply with the provisions of the statute, this court can do naught else than dismiss the matter."

■ It is the duty as well as the desire of this court to dispose of appealed cases on the merits when that can lawfully be done; but, as was said in Roush v. Van Hagen, 17 Cal. 121, at page 122, "It was necessary that the sureties should justify within five days after the notice of exception, and the failure to do so, rendered the appeal a nullity. The statute provides, that upon a failure to justify within the time limited, the appeal shall be regarded as if no undertaking had been given. The orders extending the time were in contravention of this provision, and were, therefore, inoperative. The statute is peremptory in its terms, and the consequence

of a violation is, that the party loses the benefit of his appeal. 'It has been repeatedly held,' says Sedgwick, 'that courts have no dispensing power, even in matters of practice, when the Legislature has spoken.' "

As the appeal must be dismissed, we are not called upon to decide respondent's motion to strike the bill of exceptions.

Judgment will be entered dismissing the appeal from the order of the trial court granting defendant's motion for a new trial.

### ON PETITION FOR REHEARING

April 20, 1938.

*Per Curiam:*

Rehearing denied.