## VERN R. WAITE, APPELLANT, v. HOWARD BURGESS, RESPONDENT.

### No. 3707

July 3, 1952.                    245 P.2d 994.

See also 69 Nev. ......, 250 P.2d 919.

*Geo. E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Hawkins, Cannon and Coulthard,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is a motion to dismiss this appeal for lack of undertaking. The record discloses that after the taking of the appeal by the serving and filing of notice and undertaking (with two individuals serving as sureties), respondent on March 4, 1952 duly served and filed notice of motion for justification of sureties. The following day counsel for appellant appeared before the trial judge and requested that a time be fixed for such justification. The trial judge directed that the matter be brought up on the law and motion calendar. On March 7, 1952 the matter was brought up on law and motion

calendar and was set by the trial judge for March 14, 1952, "said date being the first available date on the calendar of said Department 2 of the Eighth Judicial District Court." On March 14, 1952 the sureties appeared and gave testimony and were held justified by the trial judge. Respondent contends that justification was not accomplished within the five-day period specified by law and that the result is as though no undertaking at all had been given.

Sec. 9385.74, N.C.L.1929, Supp. 1931–1941, provides in part as follows: "The adverse party may, however, except to the sufficiency of the sureties within five days after the filing of the undertaking, and, unless they or other sureties justify before the judge of the court below, or clerk, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal shall be regarded as if no such undertaking had been given; * * *."

Sec. 9032, N.C.L.1929, provides: "In all cases not otherwise provided for in this act, where sureties are required to justify, they shall appear before the officer or person authorized to take the justification, and may be examined under oath by such officer or person and the adverse party, touching their qualifications as sureties, which examination shall be reduced to writing and subscribed by the sureties if required. If, upon such examination, it shall appear to such officer or person that said sureties, or either of them, have the necessary qualifications of such, he shall so indorse upon the statement, and cause the same to be filed, and thereupon the justification shall be complete."

The statutes contemplate that justification shall be accomplished by a combination of individual and judicial action: action of the sureties in presenting themselves to the judge or officer for examination; action of the judge or officer in determining that such examination showed them to suffice as sureties. From a reading of the statutes it may be argued that justification must be

completed and the certificate thereof endorsed, all prior to the expiration of the five-day period.

We cannot, however, regard this as the proper construction. As the facts in this case themselves suggest, from such a construction it would follow that compliance with the statutory provisions might well require a judge to set aside the presentation and consideration of pending matters deemed by him more urgent in nature; to refuse through lack of time to investigate evidence deemed pertinent; to fail to give to the determination of justification itself the extent of consideration he might feel it warranted. In the light of our constitutional division of the powers of government, sec. 51, N.C.L.1929, Const. art. 3, sec. 1, it is our view that such an invasion of the sphere of the judicial department could not have been contemplated by the legislature.

It is recognized that legislation undertaking to require judicial action within fixed periods of time is an unconstitutional legislative interference with judicial functions. State v. Johnson, 224 Ind. 540, 69 N.E.2d 592, 168 A.L.R. 1118; Atchison, Topeka & Santa Fe Ry. Co. v. Long, 122 Okla. 86, 251 P. 486; Schario v. State, 105 Ohio St. 535, 138 N.E. 63, 64. In Schario v. State, supra, it was stated: "Whether or not justice is administered without 'denial or delay' is a matter for which the judges are answerable to the people, and not to the General Assembly of Ohio. Manifestly, when a case can be heard and determined by a court must necessarily depend very largely upon the court docket, the quantity of business submitted to the court, the nature, the importance, and the difficulties attending the just and legal solution of matters involved."

The statutes, we feel, should be construed as demanding diligence on the part of the litigants rather than as an oppression upon the judge's duties of deliberation and of orderly administration of justice. The mandatory

aspect of the statutes should, then, be confined to the individual action required. So far as the provisions may relate to judicial functions, they should be regarded as directory only. Accord: Ratliff v. Sadlier, 53 Nev. 292, 299 P. 674, 676. As stated in that decision, "And such construction does no violence to the wording of the statute."

Under such a construction it cannot here be said that the sureties themselves had failed to "justify" within the time prescribed. Appellant through his counsel had, within that period, in effect tendered his sureties for justification and had secured from the judge a time for their examination at the earliest hour available. The entire matter of justification had, within the period prescribed, been presented to the judge for orderly disposition by him at the hour appointed by him. The acts of sureties and of appellant, so far as uncontrolled by the procedural necessities of judicial action, had then been fully taken.

Hough v. Roberts M. & M. Co., 58 Nev. 245, 75 P.2d 731, cited to us by respondent movant, is distinguishable. There no steps looking towards justification were *ever* taken, let alone within the prescribed period. Although the case of Roush v. Van Hagen, 17 Cal. 121, there cited and quoted, is indistinguishable from the case at bar upon the facts, the constitutional aspect of the question was apparently neither presented to that court nor considered by it. The opinion quoted Sedgwick as follows: "When a statute fixes the time within which an act must be done, the Courts have no power to enlarge it, although it relates to a mere question of practice. So where an appeal, to be valid, must be made within ten days, it is void if taken on the eleventh." The court recognized no distinction between judicial action itself and nonjudicial acts of individuals such as comprise the taking of an appeal. Subsequent California decisions in citing this authority appear to have confined its application to cases

involving the latter type of acts: cases where the required acts of the sureties themselves were neither performed nor tendered within the time prescribed; or where, in the absence of any indication that judicial necessities had dictated his course, the judge had undertaken to extend the time for performance by the sureties. McCracken v. Superior Court, 86 Cal. 74, 24 P. 845; Crowley Launch & Tugboat Co. v. Superior Court, 10 Cal.App. 342, 101 P. 935.

In his notice of motion to dismiss, respondent states: "At the conclusion of said testimony, the Court decided that the said sureties, and each of them, were worth an amount entitling them to act as sureties on said Undertaking on Appeal, but that the form of said Undertaking was insufficient and that a new Undertaking on Appeal should be given by the said Defendant." Respondent contends that the sureties should, after filing of the amended undertaking, have presented themselves once again to justify upon that undertaking. No authority is cited in support of this proposition. The record does not contain the judge's order in this respect. It would appear clear, however, that his decision and determination upon the question of justification contemplated the filing of the amended undertaking and that the sureties had justified themselves to act as such upon it.

The motion to dismiss the appeal is denied.

BADT, C. J., and EATHER, J., concur.