IN THE MATTER OF THE CRIMINAL CASE OF: RUPERT HARRIS AND RALPH TROISI, PONDEROSA INSURANCE COMPANY AND A-1 BAIL BONDS, SURETIES FOR RUPERT HARRIS, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 18333

June 24, 1988 · 756 P.2d 556

*Carmine J. Colucci*, Las Vegas, for Appellants.

*Rex Bell*, District Attorney, *Mitchell M. Cohen*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellants, sureties for the defendant Rupert Harris, were forced to make payment to respondent, the State of Nevada, on Harris' forfeited bail bond when he failed to appear for trial in August, 1985. Appellants claim the district court erred in denying their motion to set aside the forfeiture. The motion was premised on noncompliance with NRS 178.508. An affidavit of mailing did not accompany the Notice of Intent to Forfeit, as required by the statute.[1] Appellants alleged no other grounds for setting aside the forfeiture.

Appellants concede that they received actual notice of the intent to forfeit the bond and were not prejudiced by the lack of compliance with NRS 178.508. Where there is actual notice, lack of prejudice, and substantial compliance with the statute, a district court's order forfeiting a bail bond will not be reversed. However, we do not condone the district court's failure to comply with the requirements of NRS 178.508. Forfeitures are not favored at law, and statutes imposing them must be strictly construed. Wilshire Insurance Co. v. State, 94 Nev. 546, 582 P.2d 372 (1978). While *Wilshire* did not concern the technical requirements of an affidavit of mailing, the reasoning is valid. We hold that district courts must adhere to the provisions of NRS 178.508; an affidavit of mailing shall accompany the notice of intent to forfeit a bond, as the language of the statute requires.

In this case, appellants were not prejudiced. Accordingly, we affirm the order of the district court.

---

[1]NRS 178.508 provides:

If the defendant fails to appear when his presence in court is lawfully required and not excused, the court shall direct the fact of such failure to appear to be entered upon its minutes. If the undertaking exceeds $50 or money deposited instead of bail bond exceeds $500, the court shall direct that the sureties and the local agent of each surety, or the depositor if he is not the defendant, be given notice that the defendant has failed to appear, *by certified mail within 15 days after the failure to appear, and shall execute an affidavit of mailing to be kept as an official public record of the court.* The undertaking or money instead of bail bond is forfeited upon the expiration of 90 days after the notice is mailed, except as otherwise provided in NRS 178.509. A copy of the notice must be transmitted to the district attorney at the time notice is given to the sureties or the depositor. (Emphasis added.)