THE STATE OF NEVADA, Appellant, *v.* AMERICAN BANKERS INSURANCE COMPANY and JOE'S BAIL BONDS, SURETIES FOR BETTY SALERNO, Respondents.

No. 20791

December 20, 1990                     802 P.2d 1276

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *Mitchell M. Cohen,* Deputy District Attorney, Clark County, for Appellant.

*Carmine J. Colucci,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This court is asked to interpret the meaning and effect of a 1987 amendment to NRS 178.508 requiring that a surety and its local agent be notified within fifteen days after their bonded criminal defendant fails to appear in court.[1] We agree with the ruling of the district court and affirm.

---

[1] NRS 178.508 states in pertinent part:

*If* the undertaking exceeds $50 or money deposited instead of bail bond exceeds $500, the court shall direct that the sureties *and the local agent of each surety,* or the depositor if he is not the defendant, be given notice *that the defendant has failed to appear,* by certified mail *within 15 days after the failure to appear,* and shall execute an affidavit of such mailing to be kept as an official public record of the court. The

Respondent Joe's Bail Bonds, acting as local agent for respondent American Bankers Insurance Company, posted bail bonds totaling $20,000 to secure freedom for Betty Salerno, who was charged with two counts of trafficking in a controlled substance. On April 21, 1989, the day after bail was posted, Salerno failed to appear before the court and a bench warrant was issued for her arrest. Notices of intent to forfeit the bonds were issued and dated on the same date Salerno failed to appear, but were inadvertently not mailed to respondents until twenty days later. Ninety days thereafter, on August 10, 1989, the bonds were forfeited pursuant to NRS 178.508.

The sole contention raised by respondents is that forfeiture was improper because the fifteen-day notice requirement of the statute is mandatory, and notice was sent to respondents five days beyond the statutory period.

This court has previously stated that in construing statutes, "the first great object of the courts . . . [is] to place such construction upon them as will carry out the manifest purpose of the legislature . . . ." Thomas v. State, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972). In other situations, substantial compliance has validated statutory notice despite technical, non-prejudicial errors. *See* Harris v. State, 104 Nev. 246, 247, 756 P.2d 556, 556 (1988) (failure to include an affidavit of mailing required by NRS 178.508 did not invalidate the notice of intent to forfeit). In the instant case, adherence to the specified notice period is essential to effectuating the legislature's enactment of a "bright line" rule.

In construing statutes, "shall" is presumptively mandatory and "may" is construed as permissive unless legislative intent demands another construction. Givens v. State, 99 Nev. 50, 54, 657 P.2d 97, 233 (1983); Thomas v. State, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972). The State contends that the NRS 178.508 notice provision must be construed as directory rather than mandatory in order to avoid an unconstitutional legislative interference with judicial prerogatives.[2]

Prior decisions by this court have held that a statute is directory rather than mandatory when the adjudicative function of the court

---

undertaking or money instead of bail bond is forfeited upon the expiration of 90 days after the notice is mailed, except as otherwise provided in NRS 178.509. . . .

(The legislature's 1987 amended wording is italicized for clarity.)

[2]Nev. Const. art. III, § 1, requires tripartite government with a separate legislative, executive and judicial department.

is inherently threatened by legislative intrusion. Waite v. Burgess, 69 Nev. 230, 233, 245 P.2d 994, 996 (1952). When statutory provisions "relate to judicial functions, they should be regarded as directory only."[3] *Id.* at 234. In the instant matter, the fifteen-day notice requirement to a surety constitutes a basically nonjudicial action of a ministerial nature occurring after a judicial function has taken place and before a final resolution of the dispute. The amended statute facilitates the fair and orderly administration of the bail bond business and does not infringe upon judicial functions and prerogatives.

The decision to grant exoneration or discharge of a bond rests with the discretion of the trial judge, as long as the sureties do not aid in the defendant's absence. NRS 178.509; NRS 178.512(2); State v. Indemnity Ins. Co. of N. Am., 2 Kan.App.2d, 672 P.2d 251, 254 (Kan.Ct.App. 1983). The trial court did not abuse its discretion. The legislature adopted an express notice requirement in order to draw a well-defined line.[4] In adopting a specific notice requirement to sureties and their agents, the legislature did not create a basis for determining that substantial compliance is sufficient. Literal compliance is necessary in order to give force and effect to the 1987 amendment to NRS 178.508. The judgment below is affirmed.

---

[3]*See also* Lovelock Lands Inc. v. Lovelock Land & Dev. Co., 54 Nev. 1, 6-7, 2 P.2d 126, 127 (1931) (statute that required a judicial decision within five days was directory as to the specific time designated); Ratliff v. Sadlier, 53 Nev. 292, 298-99, 299 P. 674, 675-76 (1931) (statutes requiring a court to render a decision within a fixed time period have always been held to be merely directory).

[4]Respondents argued in their brief that given the number of courts in Clark County it is impossible to be fully aware of the location of a particular defendant at any given time. Furthermore, the public interest is not served by giving bail violators more time to abscond and perhaps continue their criminal activities.