IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>ECLECTIC SERVICES, INC., D/B/A<br>BOB'S BAIL BONDS OF LAS VEGAS,<br>PRINCIPAL AND BAIL BOND<br>COMPANY AND REPRESENTATIVE<br>OF LEXINGTON NATIONAL<br>INSURANCE CORP.; AND<br>LEXINGTON NATIONAL INSURANCE<br>CORP.,<br>Respondents. | No. 76713<br><br>**FILED**<br><br>NOV 0 1 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

### ORDER OF REVERSAL

This is an appeal from a district court order granting a petition for a writ of mandamus in an ancillary bail bond matter. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

The crux of the dispute is NRS 178.508, which provides that a court must notify a defendant's surety of the defendant's failure to appear. Before its amendment in 2017, the statute required a court to notify by certified mail and request receipt of delivery. *See* 2015 Nev. Stat., ch. 442, § 37, at 2567. The amended version, which applies here, adds the option of notice by "electronic transmission," and apparently requires receipt of delivery in either case: the court must "direct that each surety . . . be given notice that the defendant has failed to appear, by certified mail or electronic transmission, *receipt of delivery requested*, within 20 days." NRS 178.508(1)(c) (emphasis added); 2017 Nev. Stat., ch. 69, § 3, at 276.

Respondent Eclectic Services, Inc., (Eclectic) is a bail bond company that posted bonds on behalf of various defendants in the Las Vegas

Justice Court between October 2016 and October 2017. Several of those defendants failed to appear, and the justice court notified Eclectic by email but did not request receipt of delivery. After the 20-day notice periods had run, Eclectic filed motions for each bond in the justice court, seeking their exoneration because the court failed to comply with the receipt-of-delivery requirement. The State opposed, arguing that the receipt-of-delivery requirement does not apply to electronic transmissions, and that in either case, because Eclectic had actual notice that the defendants failed to appear, the justice court's failure to request receipt of delivery did not prejudice Eclectic. The justice court denied each of Eclectic's motions.

Eclectic appealed to the district court. The district court dismissed the consolidated appeals without prejudice on the ground that a decision in an ancillary bail bond proceeding is not appealable. Eclectic then petitioned the district court for a writ of mandamus ordering the justice court to exonerate the bonds, and the district court granted mandamus on the ground that the justice court's failure to comply with the receipt-of-delivery requirement demanded exoneration.

The State now appeals, arguing that the district court erred by granting mandamus irrespective of the justice court's substantial compliance and Eclectic's actual notice and lack of prejudice, and by entertaining the petition before the bonds were forfeited.

While we ordinarily review a district court order granting mandamus for abuse of discretion, *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003), we instead review de novo when the petition raised a question of statutory interpretation, *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010). Because Eclectic's petition raised a question of statutory interpretation, we review the district court's order de novo.

*I.    Whether the justice court had a duty to exonerate*

A court may issue mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." NRS 34.160. NRS 178.509(1) provides in relevant part that "the court shall not exonerate" before a bond is forfeited absent certain conditions. If the surety applies for exoneration under any of those conditions, "the court *may* exonerate." NRS 178.509(2) (emphasis added). Pre-forfeiture exoneration is thus discretionary, and limited to the conditions specified in NRS 178.509(1). *See State v. Am. Bankers Ins. Co.,* 106 Nev. 880, 883, 802 P.2d 1276, 1278 (1990) ("The decision to grant exoneration or discharge of a bond rests with the discretion of the trial judge . . . ."); *see also Nev. Comm'n on Ethics v. JMA/Lucchesi,* 110 Nev. 1, 9, 866 P.2d 297, 302 (1994) ("It is a well-settled principle of statutory construction that statutes using the word 'may' are generally directory and permissive in nature . . . .").

The justice court denied Eclectic's motions before the bonds were forfeited. The justice court thus had no authority to exonerate except under NRS 178.509.[1]   Because exoneration under NRS 178.509 is

---

[1]Eclectic's argument that only strict compliance with NRS 178.508 triggers NRS 178.509 is unavailing. In *In re Criminal Case of Harris,* we affirmed a district court's forfeiture order despite its failure to strictly comply with NRS 178.508. 104 Nev. 246, 247, 756 P.2d 556, 556-57 (1988). We held that "[w]here there is actual notice, lack of prejudice, and substantial compliance with the statute, a district court's order forfeiting a bail bond will not be reversed." *Id.* at 247, 756 P.2d at 556. Here, the justice court similarly failed to request receipt of delivery, and Eclectic admitted that it learned of the defendants' failures to appear by checking the justice court's minutes online, and that it suffered no prejudice. NRS 178.509 thus applies despite the justice court's failure to strictly comply with NRS 178.508.

discretiory, the justice court had no duty to exonerate.[2]

> II. *Whether the justice court manifestly abused or arbitrarily or capriciously exercised its discretion*

When a petitioner seeks to compel a discretionary act, as Eclectic did here, a court may not grant mandamus unless the lower court manifestly abused or arbitrarily or capriciously exercised its discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). "An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason,' or 'contrary to the evidence or established rules of law.'" *Id.* at 931-32, 267 P.3d at 780 (citations omitted) (quoting *Arbitrary & Capricious*, *Black's Law Dictionary* (9th ed. 2009)). The petitioner bears the burden of demonstrating that the lower court so abused or exercised its discretion. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted.").

---

[2]Eclectic's argument that the justice court's duty to exonerate arose from caselaw is also unavailing. Neither case that it cites supports the proposition that a court has a duty to exonerate for failure to request receipt of delivery, but only that exoneration may be appropriate when a surety has *no timely notice whatsoever*. *See Am. Bankers*, 106 Nev. at 883, 802 P.2d at 1278 (holding that the district court did not abuse its discretion by exonerating after the surety had no timely notice); *Wilshire Ins. Co. v. State*, 94 Nev. 546, 550, 582 P.2d 372, 375 (1978) (reversing a district court order denying exoneration after the surety had no timely notice).

Despite citing that standard of review in its petition, Eclectic did not establish that the justice court manifestly abused or arbitrarily or capriciously exercised its discretion by denying the motions to exonerate, or even otherwise address the issue. Because Eclectic failed to carry its burden, the district court lacked the necessary grounds to grant mandamus compelling a discretionary act. The district court thus erred by granting mandamus.[3] Accordingly, we

ORDER the district court's judgment REVERSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Clark County District Attorney
       Revolutionary Law
       Eighth District Court Clerk

---

[3]Because we conclude that the district court erred by granting mandamus, we need not consider whether it erred by entertaining the petition. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues that are unnecessary to resolve the case at bar).